Johnnie L. BLAKE and wife,
Janet Blake, Appellants,

v.

AMOCO FEDERAL CREDIT
UNION, Appellee.

No. 14–93–01130–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 25, 1995.

Kenneth C. Kaye, League City, for appellants.

Thomas E. Sheffield, William R. Thompson, II, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This appeal is from a summary judgment in favor of appellee, Amoco Federal Credit Union ("Amoco"). The suit arose from an assignment of a promissory note to the United States Department of Housing and Urban Development ("HUD"). Appellants, Johnnie L. Blake ("Johnnie") and wife, Janet Blake, sued Amoco alleging Amoco failed to notify HUD that Johnnie claims to be excused from liability on the note, and that they had been damaged by Amoco's and HUD's attempts to collect the note from Johnnie. We affirm.

On January 29, 1982, Johnnie and his former wife, Rebecca Lynne Blake ("Rebecca"), executed a promissory note in the original principal amount of $12,000 payable to Amoco for home improvements and secured by a lien on the real property. On April 18, 1983, a decree of divorce was entered by the Family District Court of Galveston County, dissolving the marriage of Johnnie and Rebecca. In relevant part, the decree provided for the division of responsibility for repayment of the loan that is the subject of this dispute:

> It is DECREED that [Rebecca] shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold [Johnnie]

harmless from any failure to so discharge such debts and liabilities:

> a. The balance due, including principal and interest, on that certain Promissory Note executed by [JOHNNIE] and [REBECCA], in the original principal sum of $12,000.00, payable to the order of [Amoco], and secured by a Deed of Trust on the real property herein awarded to [Rebecca].

The decree also made Rebecca responsible for payment of three other promissory notes payable to Amoco, which were for the purchase of a 1982 Chevrolet pickup truck, a boat with motor and trailer, and furniture.

On April 25, 1984, Johnnie filed a motion in the Family District Court seeking enforcement and clarification of the divorce decree. Amoco was named a party to the proceeding. The motion alleged in relevant part that Rebecca failed to make the required payments or to indemnify and hold Johnnie harmless on the notes she was ordered to pay pursuant to the divorce decree. The motion further alleged Amoco had deducted money from Johnnie's pay check to cover the obligations Rebecca was ordered to pay. Johnnie sought reimbursement and indemnification from Rebecca and Amoco. Amoco filed an answer. After a hearing, at which Amoco appeared, the court entered an order dated March 14, 1985 ("the 1985 order"), stating in relevant part:

> The Court finds that on April 5, 1983, [JOHNNIE] and [REBECCA] owed [AMOCO] $1,630.73 on a note in the original principal sum of $2,000.00; $401.16 on a note in the original principal sum of $492.00; and $5,225.89 on a note in the original principal sum of $6,400.00, for a total of $7,257.78.
>
> IT IS DECREED that [JOHNNIE] shall pay, as a part of the division of the estate of the parties, the debt and obligation owing to [AMOCO] and shall indemnify and hold [REBECCA] harmless from any failure to discharge the balance due, including principal and interest, on that portion of the promissory note in the original principal amount of $2,000.00 payable to [AMOCO] the sum of $1,630.73 representing that part of the balance due as of April 5, 1983, to [AMOCO] given as a part of the pur-

chase price and secured by a lien on the 1983 Chevrolet pickup truck.[1]

IT IS DECREED that [REBECCA] shall pay as a part of the division of the estate of the parties, the debt and obligation owing to [AMOCO] and shall indemnify and hold [JOHNNIE] harmless from any failure to so discharge such balance due, including principal and interest, on that portion of the promissory notes in the original principal amounts of $492.00 and $6,400.00 payable to the order of [AMOCO] the sum of $401.16 and also $5,225.89 representing the balance due as of April 5, 1983, to [AMOCO] on those amounts secured by a lien on furniture awarded to [her] and the 1979 Cain cutter boat, 70 horsepower Evinrude motor and trailer awarded to [her]. The Court finds that the monthly payments due on the note herein ordered to be paid by [JOHNNIE] are $76.00 per month and the total including interest that would have been due from him as of July 2, 1984, equals $1,165.64. The total amount paid by him between April 4, 1983, and July 2, 1984, equals $1,268.10. The Court ORDERS that the balance due of $465.15 on that note ordered to be paid by [JOHNNIE] is all he owes as of July 2, 1984, and [REBECCA] owes the rest.

Neither Johnnie nor Rebecca made the required payments on the $12,000 note, resulting in default on the note. Since the loan was federally insured, Amoco assigned the loan to HUD by assignment dated August 29, 1988. HUD attempted to collect the debt from Johnnie by offsetting against any refund which may have been due to Johnnie on his federal income tax return. Johnnie objected to this action and argued the debt was not legally enforceable because the 1985 order released him from any obligation to pay the debt, and that Amoco was bound by that order because it was a party to the proceeding. After an administrative hearing before the Board of Contract Appeals, the administrative judge issued an opinion finding that Johnnie remained liable on the note. Johnnie appealed the administrative decision in the Federal District Court for the Southern District in Galveston. Shortly after the summary judgment in this state action, the federal district court also ruled against Johnnie, but that opinion and judgment apparently were later vacated by the Fifth Circuit pursuant to a settlement agreement.

While the administrative proceeding was ongoing, Johnnie and his present wife filed this action in state court. Amoco moved for summary judgment alleging Johnnie's claims were barred by limitations and collateral estoppel and that Johnnie's interpretation of the 1985 order was wrong because Johnnie is liable on the note as a matter of law. Johnnie responded to the summary judgment, denying Amoco's contentions and, for the first time, contending that Johnnie did not sign the $12,000 note.

The rules to be followed in our review of a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). When the summary judgment does not specify the ground upon which the trial court granted it, as here, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■ In appellants' first point of error, they generally assert that Amoco failed to establish that no material fact issues exist on each of their causes of action. We disagree. Amoco established, as a matter of law, that

1. There is no explanation in the record as to whether this is the same pickup truck that was awarded to Rebecca in the divorce decree or, if so, why Johnnie was ordered to pay this note.

its rights to collect the balance due on the $12,000 note were not affected by the divorce decree or the 1985 order. Because its rights were not affected, Amoco had no duty to inform HUD about the 1985 order. Appellants cannot succeed on the claims alleged in their petition as a matter of law.

■ First, appellants are clearly wrong in their interpretation of the 1985 order. Appellants fail to recognize that the 1985 order merely divided responsibility for repayment of the notes *as between Rebecca and Johnnie.* In its 1985 order, the divorce court again stated that Rebecca owed the remainder of certain notes, and that Rebecca was to indemnify Johnnie for any failure to pay them. However, *nowhere* does the order refer to the $12,000 note at issue in this case, and *nowhere* does the order purport to affect Amoco's rights in any way. The court order does not state that Johnnie is "released" from liability under any of the notes. In addition, the fact that the order requires Johnnie and Rebecca to indemnify and hold each other harmless on their respective obligations contradicts Johnnie's release claim. If Johnnie were released from further liability, the indemnification language would not be necessary. We reject appellants' contention that Amoco is bound by the 1985 order because it failed to appeal from that order. The relief Johnnie sought against Amoco in his motion for enforcement was not granted in the 1985 order. Any relief not expressly mentioned in the order is implicitly denied. *See Schlipf v. Exxon Corp.,* 626 S.W.2d 74, 77 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e.,* 644 S.W.2d 453 (Tex.1982). There was no ruling in the order for Amoco to appeal; by its plain language it did not order Amoco to do anything or refrain from doing anything with respect to the $12,000 obligation.

Johnnie's entire argument centers on one sentence in the 1985 order: "The Court ORDERS that the balance due of $465.15 on that note ordered to be paid by [JOHNNIE] is *all he owes as of July 2, 1984, and [Rebecca] owes the rest.*" (emphasis supplied). The words Johnnie relies on are taken completely out of context. They refer to the note Johnnie was ordered to pay, a note secured by a lien upon a pickup truck. The order does not even state that the sum recited is all Johnnie owes *to Amoco.* There is no basis to apply these words to a note that is not even mentioned in the order.

■ Moreover, even had the 1985 order contained the language appellants attempt to read into it, Johnnie cannot be released from liability by such an order. It is well-settled law in Texas that divorce courts cannot disturb the rights of a creditor to collect from either of the divorcing parties on a joint obligation. Johnnie admitted that the debt at issue is a community debt. Texas courts have consistently held that a division of the community estate may not prejudice the rights of a creditor to satisfy a community debt. *See, e.g., Rush v. Montgomery Ward,* 757 S.W.2d 521, 523 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (by requiring former spouses to indemnify each other for failure to pay debts each incurred, divorce court protected creditors' rights to satisfy community debts from both spouses); *Wileman v. Wade,* 665 S.W.2d 519, 520 (Tex. App.—Dallas 1983, no writ) (divorce court has no discretion to interfere with joint and several liability for community debt); *Inwood Nat'l Bank of Dallas v. Hoppe,* 596 S.W.2d 183, 185 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) (order requiring husband to pay community debts has no legal effect on the rights of the bank); *Glasscock v. Citizens Nat'l Bank,* 553 S.W.2d 411, 413 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) (since the divorce court has no power to disturb creditors' rights, creditors are not bound by the divorce decree in a subsequent action for fraudulent conveyance); *Broadway Drug Store of Galveston, Inc. v. Trowbridge,* 435 S.W.2d 268, 269–70 (Tex.Civ.App.— Houston [14th Dist.] 1968, no writ) (trial court cannot prejudice rights of creditor to take judgment against wife, even though court ordered husband to pay the community debt).

■ Just because Amoco was named a party, answered, and appeared at the hearing on the clarification and enforcement motion does not necessarily mean that the court could modify its rights under the facts presented here. In *Broadway Drug,* the credi-

tor, having intervened in the divorce suit, was obviously a party to the suit. *Id.* at 269. This court recognized that the divorce court had discretion in dividing property between the spouses, and to provide that one spouse should pay the debt of the other. *Id.* at 270. We held, however, that the divorce court could not prejudice the creditor's right to take a judgment against both spouses when dividing responsibility for payment of debts. *Id.*

■ Appellants failed to negate, distinguish, or in any way brief the principles of law cited by Amoco on the issue of a divorce court's power to disturb the rights of creditors. The controlling cases are not even cited in appellants' briefs. Thus, we are tempted to conclude that appellants have prosecuted this appeal with the deliberate purpose of ignoring existing law as set forth by this court and our sister courts. *See Naydan v. Naydan,* 800 S.W.2d 637, 643–44 (Tex.App.—Dallas 1990, no writ) (failure to address controlling law constitutes grounds for sanctions for frivolous appeal); Tex. R.App.P. 84. If an appeal is not brought frivolously, appellants should "meet these cases 'head-on,' distinguish them, or argue erroneous reasoning, and ask that we not follow them, thus inviting the Supreme Court to resolve the matter." *Naydan,* 800 S.W.2d at 643. At oral argument appellants' counsel conceded these principles of law generally apply, but failed to recognize their applicability to these facts. Even though we find no colorable argument can be made for appellants' position in view of the existing case law, we decline to further penalize appellants by imposing sanctions.

■ We hold that Amoco is not liable to appellants for failing to disclose Johnnie's claim to HUD. The 1985 order did not affect Amoco's rights to collect the balance due on its notes from Johnnie. Johnnie remains liable on the $12,000 note, and his remedy is

an action for indemnity from his former wife, should he be required to repay the note. We overrule point of error one. As summary judgment may be upheld on this ground alone, we need not address appellants' remaining points.[2]

We affirm the judgment of the trial court.

---

2. Appellants argue that they raised a material fact question in their response to the motion for summary judgment by denying Johnnie's execution of the $12,000 note payable to Amoco. Johnnie did not raise this allegation in his pleadings in this cause. *See* Tex.R.Civ.P. 93(7) (denial of execution on an instrument must be made by verified pleading). He did not allege this claim

in the divorce action. Moreover, Johnnie did not allege this claim in the enforcement and clarification proceeding, to which Amoco was a party. Thus, this claim is barred. Res judicata bars not only what was actually litigated but also claims that could have been litigated. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992).