COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| TERESA MALANOSKI THOMAS, | | No. 08-08-00051-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 65th District Court |
| | § | |
| BRUCE EUGENE THOMAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2005CM6706) |
| | § | |

## O P I N I O N

This is an appeal from a post-divorce enforcement proceeding. Teresa Thomas complains of a turnover order; a money judgment payable to her former husband, Bruce Thomas; attorney's fees assessed against her; and contempt orders entered against her. We have not been favored with responsive briefing by Bruce. For the reasons that follow, we affirm in part and reverse in part.

### FACTUAL AND PROCEDURAL SUMMARY

The parties were divorced on October 11, 2006. Under the terms of the decree, Teresa was awarded the community residence and a 2004 Dodge Caravan. She was ordered to pay the mortgage on the homestead, and the balance due on the promissory note to Wells Fargo for the purchase of the van. The bank retained a lien on the vehicle and Teresa's obligation on the car note was "to be secured by [Bruce's] retention of the title and Power of Attorney to Transfer Vehicle until the loan is paid in full." The decree ordered that Teresa "shall indemnify and hold [Bruce] and his property harmless from any failure to so discharge" these debts. It also required that Teresa execute a deed of assumption to secure title.

On March 20, 2007, Bruce filed a petition for enforcement of property division by contempt.

He alleged that Teresa had failed to make the car payments for nine months and that she had failed to execute and deliver the deed of assumption to secure title. In terms of relief, he sought (1) an order directing her to either pay the arrearages or return the vehicle to him; (2) an order that she sign and deliver the deed of trust; (3) an order that she be held in contempt, jailed, and fined for eighteen months or until she complied with the decree; (4) a clarifying order if the decree were not sufficiently specific to enforce by contempt; (5) a money judgment of $5,000 to compensate Bruce for damage to his credit rating; and (6) attorney's fees.

Following a hearing, the associate judge (1) found Teresa guilty of contempt on all violations alleged; (2) ordered her to deliver the Caravan to Bruce at a date and time certain; (3) awarded Bruce $1,917 in monthly payments of $213 representing the past-due car payments; and (4) ordered her to pay $787.50 in attorney's fees, payable to Bruce's lawyer at the rate of $100 per month. Teresa appealed to the referring court. Judge Alfredo Chavez affirmed the findings of the associate judge in all respects. This appeal follows.

## TURNOVER OF DODGE CARAVAN

In her first issue for review, Teresa complains that the trial court lacked subject matter jurisdiction to order Teresa to turn over the Caravan. We agree. There is no dispute that the decree awarded the vehicle to Teresa. Nor do the parties dispute that the trial court's plenary power had long expired. A court may not amend, modify, alter, or change the division of property made in the decree of divorce. TEX.FAM.CODE ANN. § 9.007(a)(Vernon 2006). Enforcement orders are limited to orders in aid or clarification of the prior order. *Id.*; *Dechon v. Dechon*, 909 S.W.2d 950, 956 (Tex.App.--El Paso 1995, no writ). An order that modifies or alters the actual, substantive division of property is beyond the power of the court. TEX.FAM.CODE ANN. § 9.007(b). While we recognize that Bruce executed the power of attorney to transfer title and his attorney held it in trust until Teresa

paid the note, he had no right to a turnover order giving him possession of an asset awarded to her.

We are unpersuaded by the argument urged by Bruce's counsel in the trial court. As authority for

the turnover order, she directed Judge Chavez to Section 9.009, which provides:

> To enforce the division of property made in a decree of divorce . . . the court may make an order to deliver the specific existing property awarded, without regard to whether the property is of especial value, including an award of an existing sum of money or its equivalent.

TEX.FAM.CODE ANN. § 9.009. This provision allows a court to require one spouse to deliver

property awarded to the other spouse by a date and time certain. *Strahan v. Strahan*, No. 01-01-

00614-CV, 2003 WL 22723432 *3 (Tex.App.--Houston [1st Dist.] Nov. 20, 2003, no pet.)(not

designated for publication). Bruce cannot rely on this statute to support the court's order taking a

van awarded to Teresa and awarding it to him. That is not to say he lacked a remedy, which we

address below. We sustain Issue One.

## JUDGMENT FOR FAILURE TO PAY CAR NOTE

In her second issue, Teresa complains that the trial court entered a money judgment against

her and in favor of Bruce for $1,917, which represents the nine delinquent car payments of $213

each. We first note that even Bruce admitted that he asked for the return of the car OR a money

judgment, but not both. He did believe it was justifiable, however, because his credit has been

"tarnished."

Texas jurisprudence clearly holds that a divorce decree merely divides responsibility for the

payment of indebtedness as between the spouses. *Blake v. Amoco Federal Credit Union*, 900

S.W.2d 108, 111 (Tex.App.--Houston [14th Dist.] 1995, no writ). The divorce court cannot disturb

the rights of a creditor to collect from either of the divorcing parties on a joint obligation. *Id.* A

division of the community estate may not prejudice the rights of a creditor to satisfy a community

debt. *Id., citing Rush v. Montgomery Ward*, 757 S.W.2d 521, 523 (Tex.App.--Houston [14th Dist.] 1988, writ denied). Consequently, indemnity agreements are widely used to protect the credit of a spouse who shares joint liability on a community debt.

An indemnity agreement arises from a promise by the indemnitor to safeguard or hold the indemnitee harmless against either existing or future loss or liability, or both. *Licata v. Licata,* 11 S.W.3d 269, 276 (Tex.App.--Houston [14th Dist.] 1999, pet. denied), *citing Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). The agreement creates a potential cause of action in the indemnitee against the indemnitor. *See id.*; *Russell v. Lemons*, 205 S.W.2d 629, 631 (Tex.Civ.App.--Amarillo 1947, writ ref'd n.r.e.). Under an indemnity agreement, the right to indemnity does not arise until the judgment is either rendered or paid. *See Bayoud v. Bayoud,* 797 S.W.2d 304, 317 (Tex.App.--Dallas 1990, writ denied), *citing Pate v. Tellepsen Constr. Co.,* 596 S.W.2d 548, 552 (Tex.Civ.App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.).

We find some procedural guidance in *Lavender v. Lavender*, 291 S.W.3d 19 (Tex.App.--Texarkana 2009, n.p.h.) which presents a remarkably similar fact pattern. Michelle Lavender was awarded a substantial part of the community estate, much of which was encumbered by community indebtedness. *Id.* She was awarded the community residence and a vehicle and ordered to pay the notes and taxes as a part of the division of the community estate. *Id.* at 20. The decree included an indemnification clause but no security instruments were executed. The award of property was not conditioned upon Michelle's satisfaction of the debts. As the court noted, "there was apparently no other nonjudicial means to secure Sam [Lavender] in the payment of the debts." *Id.* Shortly after the divorce, Michelle moved out of the family home and stopped making payments on several of the secured assets. Concerned about foreclosure, Sam paid the delinquent mortgage, utility bills, truck payments, and the unpaid ad valorem taxes. The truck was repossessed. Sam then filed suit

against Michelle to recover under the indemnification clause in the decree. *Id.* He alleged he had paid more than $4,000 to discharge debts that Michelle had been ordered to pay, that he had incurred an additional $356 in expenses in an effort to preserve his credit rating, and that the truck repossession resulted in a deficiency of $7,059 which was being pursued against him by the lender. *Id.* While the appellate court reversed because the trial court had entered three separate yet purportedly final orders, the procedural lesson is apparent. Sam Lavender paid off the debts, was defending against a deficiency judgment, and took affirmative steps to clear his credit. He suffered quantifiable out-of-pocket losses.

While we most certainly do not condone Teresa's conduct, it is clear that Bruce sat on his hands. While he mentioned receiving a statement from the bank indicating the loan was delinquent, there was no evidence that Wells Fargo had attempted to repossess the vehicle. Bruce specifically denied making any payments on the van post-divorce. He suffered no out-of-pocket losses. This brings us to the remedies available. Like Sam Lavender, he could have paid the balance due and then sued Teresa pursuant to the indemnity provision in the decree. In that instance, a money judgment would be proper. A turnover order might even be a proper remedy for Teresa's failure to pay the money judgment. Fines could be imposed for contumacious conduct. Instead, Bruce obtained possession of the van and a money judgment with no requirement that he tender the monthly payments to Wells Fargo.

We are not persuaded by the arguments of Bruce's counsel in the trial court in which she argued that the money judgment was permissible pursuant to Section 9.010. Relevant to our inquiry, that statute provides (1) that if a party fails to comply with a decree and delivery of property is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply, and (2) if a party did not receive payments of money as awarded in the decree, the

court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled. TEX.FAM.CODE ANN. §§ 9.010(a), (b). These provisions are inapplicable. Subsection (a) refers to a money judgment to compensate Spouse A for Spouse B's failure to deliver property awarded to Spouse A. *Strahan*, 2003 WL 22723432 at *3 (husband awarded money judgment for $7,000 because wife sold SUV which was awarded to husband). Bruce has not alleged that he was awarded property that Teresa has refused to deliver. Subsection (b) allows a court to render judgment for monies awarded to a spouse that have not been transferred. For example, a husband who is awarded $10,000 from a community account in wife's name can obtain a money judgment if wife does not transfer the funds. The statute does not mean that because Teresa defaulted on the car note, Bruce can obtain a money judgment against her. Her default was related to a third party promissory note, not to payments of money awarded to Bruce in the decree. Because the trial court crafted impermissible remedies in an enforcement proceeding, we sustain Issue Two.

## ATTORNEY'S FEES

In Issue Three, Teresa challenges the assessment of $787 in attorney's fees. She contends that the trial court lacked jurisdiction to order her to deliver the Caravan to her former husband and to order her to pay him $1,917 in car payments that she failed to make. It follows, she continues, that since the fee award was based in part on illegal orders, it should be vacated as an abuse of discretion. We have sustained her direct attacks on these issues. However, Bruce also asked that Teresa be held in contempt for failure to make the car payments and failure to execute the deed of trust to secure assumption with regard to the home mortgage. The trial court specifically found her in contempt for these violations. Although she complains of the contempt findings with regard to the car payments in Issue Four, she has not disputed the contempt finding for her failure to execute the deed of trust. Attorney's fees are statutorily permissible in an enforcement proceeding. TEX.FAM.CODE ANN. §

9.014 (Vernon 2006 and Supp. 2009). Since Teresa has not challenged the amount of the fees or the sufficiency of the evidence to support them, we overrule Issue Three.

## CONTEMPT

In Issue Four, Teresa complains that the trial court abused its discretion in finding her guilty of contempt for failing to make monthly payments on the Wells Fargo note because the provision imposing the obligation was to general too be enforced by contempt. Contempt orders are not reviewable by appeal. *Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985). Habeas corpus relief is available for a contemnor who has been incarcerated or is otherwise restrained. *Ex parte Williams*, 690 S.W.2d 243 (Tex. 1985). Where the contemnor is not restrained, the appropriate remedy is by petition for writ of mandamus. *Rosser v. Squier*, 902 S.W.2d 962 (Tex. 1995). To the extent Teresa attempts to appeal the contempt judgment, we lack jurisdiction. Issue Four is overruled. *Norman*, 692 S.W.2d at 655.

## CONCLUSION

We have sustained Issues One and Two and overruled Issues Three and Four. We reverse and render judgment that the orders requiring turnover of the van and imposing the $1,917 money judgment are vacated and set aside. We affirm the order to the extent that it awards attorney's fees.


February 17, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.