**Reverse and Remand; Opinion Filed May 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01422-CV

### TEXANS CREDIT UNION, Appellant
### V.
### RICHARD C. BRIZENDINE, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-00481-B**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

After a trial before the court, Texans Credit Union appeals from the take-nothing judgment on its lawsuit against Richard C. Brizendine to recover the balance due under a loan agreement executed by Brizendine and his former wife. In three issues, Texans generally asserts the trial court's judgment should be reversed and judgment rendered against Brizendine because the evidence conclusively established his contractual liability for the debt. After reviewing the record, we agree that the evidence established each element of Texan's breach of contract claim as a matter of law. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court to render judgment against Brizendine for $14,443.857 plus interest and to determine the issue of Texan's attorney's fees.

In 1990, Brizendine and his wife Molly signed an agreement promising to repay with interest cash advances Texans made under a "Texchek" account. When the couple divorced in

1999, the decree ordered Molly to pay, as a part of the division of the marital estate, the $14,477 balance then due on the Texans account.

In 2013, Texans sued Brizendine alleging a default under the agreement and an outstanding balance due of $14,766.57 as of March 2012. The matter proceeded to a trial before the court and judgment was rendered that Texans take nothing on their claim. Among other things, the trial court made the following findings of fact: (1) the divorce decree provided Molly was solely responsible for the payment of the Texans debt; (2) Texans's account records did not show to whom advances were made from 2007 through 2012; (3) Brizendine never lived in North Carolina; and (4) Brizendine denied receiving any cash advances from Texans after his divorce from Molly. In its conclusions of law, the trial court determined Texans did not establish it had advanced money to Brizendine from 2007 through 2012 and Brizendine was not jointly liable for money advanced to Molly between 2007 and 2012 because they were not married during that time.

Texans now appeals from the take-nothing judgment arguing that Brizendine was contractually bound to repay the money advanced to Molly, their divorce did not bar Texans's claim against Brizendine, and the evidence was insufficient to support the trial court's finding that Texans did not know to whom they made advances from 2007 through 2012. We agree.

In an appeal from a bench trial, we review a trial court's findings of fact under the same sufficiency of the evidence standards used with respect to jury findings. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). Where, as here, our record contains a reporter's record of the trial proceedings, findings of fact are not conclusive if the contrary is established as a matter of law or there is no evidence to support the findings. *Brockie v. Webb*, 244 S.W.3d 905, 908 (Tex. App.—Dallas 2008, pet. denied). We review the trial court's conclusions of law de novo. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). We are

–2–

not bound by the trial court's erroneous conclusions of law. *See Bantuelle v. Williams,* 667 S.W.2d 810, 818 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (per curiam).

To prevail on its breach of contract claim, Texans was required to present evidence: (1) of an existing contract, (2) performance of the contract by Texans, (3) breach of the contract by Brizendine, and (4) damages from the breach. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131(Tex. App.—Dallas 2014, no pet.).

Texans's recovery specialist Michelle Welch testified that Brizendine and Molly executed an application and contract with Texans for a Texchek account. Welch also indicated the contract required a written statement to terminate an individual's liability as to the amounts advanced. She further testified that Texans performed under the contract by making advances to the account when requested and that Brizendine defaulted by failing to make payments as they became due. She indicated that Texans was the owner and holder of the contract and that the total amount outstanding on the account was $14,443.87. The application, contract, account history from September 2007 through September 2012, and Texans's demand letter addressed to Brizendine were admitted into evidence.

On cross-examination, Welch was questioned about who received an advance on March 2012. She responded, "it either went into her checking account or it could have gone to Mr. Brizendine or it could have gone to Molly." Additionally, Welch indicated that the names on the account as of September 2007 were Molly and Brizendine.

Brizendine testified that he was divorced from Molly in 1999 and had not used the Texans account since then. Brizendine also introduced into evidence his divorce decree providing that Molly was responsible for paying the balance of the Texans account.[1] At the close of evidence, Brizendine's counsel argued that after their divorce, Brizendine was no longer

---

[1] At the time of the divorce, the balance on the account was $14,477.

responsible for advances made to Molly and there was no evidence that he received any advances after the divorce.

The undisputed evidence before the trial court, however, established that Brizendine signed the contract as a co-borrower obligating him to repay advances made on the Texans account and that he never terminated his liability under the contract by providing Texans with written notice. The payment history from 2007 through 2012 lists both Molly and Brizendine on the account and reflects a balance due and owing of $14,443.87. It is well-settled that a court in a divorce action has no power to disturb rights that creditors lawfully hold against the parties. *See Blake v. Amoco Fed. Credit Union,* 900 S.W.2d 108, 111 (Tex. App.—Houston [14th Dist.] 1995, no writ.); *Swinford v. Allied Fin. Co. of Casa View*, 424 S.W.2d 298, 301 (Tex. Civ. App.–Dallas 1968, writ dism'd); *see also Brister v. Bank of Am., N.A.*, No. 03-00-00610-CV, 2001 WL 893456 at *2 (Tex. App.—Austin Aug. 9, 2001, no pet.) (mem. op.);. Accordingly, the evidence conclusively establishes all elements of Texans's breach of contract claim against Brizendine.

A review of the findings of fact and conclusions of law suggests that the trial court determined that Texans could only recover from Brizendine if it established that he actually received the advances Texans made on the account from 2007 through 2012. In its conclusions of law, the trial court reasoned that because Brizendine was no longer married to Molly at that time, he was not liable for her debts. Texans's lawsuit, however, was not based on joint and several liability for marital debts but on Brizendine's contractual liability based on the agreement he signed. Simply stated, Brizendine's divorce did not release him from his contractual liability to Texans for advances made to an account on which he remained a named borrower. *See id.*

We reverse the trial court's judgment and remand the cause to the trial court to render judgment against Brizendine for $14,443.857 plus interest and to determine the determine the issue of Texan's attorney's fees.

|  |  |
|---|---|
|  | / David Evans/ |
|  | DAVID EVANS |
| 131422F.P05 | JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXANS CREDIT UNION, Appellant

No. 05-13-01422-CV      V.

RICHARD C. BRIZENDINE, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-00481-B
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to render judgment against Richard C. Brizendine for $14,443.87 plus interest and to determine the issue of Texan's attorney's fees.

It is **ORDERED** that appellant Texans Credit Union recover its costs of this appeal from appellee Richard C. Brizendine.

Judgment entered this 4th day of May, 2015.