

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | No. 08-15-00197-CV |
|  | § |  |
| MARIO ALONZO CISNEROS, | § | An Original Proceeding |
|  | § |  |
| RELATOR. | § | on Petition for |
|  | § |  |
|  | § | Writ of Mandamus |
|  | § |  |

**O P I N I O N**

Mario Alonzo Cisneros has filed a petition for writ of mandamus against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to challenge the issuance of a bench warrant for Relator's arrest. We conditionally grant mandamus relief.

**FACTUAL AND PROCEDURAL SUMMARY**

Alma Frayre filed suit against the real parties in interest, Hannah S. Lee and Harold S. Lee, for negligence. The case, styled *Alma Frayre v. Hannah S. Lee and Harold S. Lee* and numbered 2015-DCV-0337, is pending in the 243rd District Court. Frayre is represented by Alexander Begum and his associate, Mario Alonzo Cisneros, Relator, of the Begum Law Group which is located in Brownsville, Texas. Relator is lead counsel. Frayre hired Eduardo Cadena and the Cadena Law Firm, P.C. to serve as local counsel.

The trial court sent a letter to the attorneys, dated May 8, 2015, requiring them to appear at a June 25, 2015 scheduling conference unless the parties agreed to and entered a docket

control order which was included with the letter. Relator concedes that the parties did not enter a docket control order and no one from the Begum Law Group appeared at the June 25, 2015 scheduling conference. On that date, the trial court entered an order setting a show cause hearing for June 29, 2015. The order states, in pertinent part, as follows:

> The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.
>
> **If you do not show to court on the day of your hearing this case will be Dismissed for Want of Prosecution or pursuant to the Court's inherent power.**

Cadena attended the "show cause hearing" on June 29, 2015, but Cisneros and Begum did not. When Cadena informed the court coordinator, Lynda Smigiel, that he was present, Ms. Smigiel stated she had notified the Begum Law Group's legal assistant on Friday, June 26, 2015, that lead counsel was required to attend the show cause hearing.[1] In the courtroom, Cadena attempted to explain to the trial court that he was unaware that Cisneros and Begum were required to attend, but the court excused him from the courtroom.[2] On June 29, 2015, the trial court issued a bench warrant for Cisneros's arrest which states:

> You are hereby ordered that said Contemnor, MARIO CISNEROS, be arrested and delivered to the custody of the El Paso County Jail until such time he/she is brought before the 243rd Judicial District Court of El Paso County, Texas for a hearing or until he/she is held to answer contempt charges for failing to appear on JUNE 29, 2015 to show cause why he should not be in contempt of court for previously failing to appear for a status hearing on June 25, 2015, which is pending in said court, said Contemnor was duly cited to appear on the aforesaid date to answer contempt charges but wholly failed to appear.

---

[1] The Begum Group's legal assistant, Mimosa Flores, presented a different version of the conversation. Flores stated that she called the trial court to ask whether the Discovery Control Plan and Scheduling Order should be electronically filed prior to Monday's hearing. According to Flores, the court coordinator told her that the document had to be presented to the trial court in person at the hearing and the show cause order required an attorney to attend the hearing. Flores contacted Cadena and confirmed that he would attend the hearing as permitted by the show cause order.

[2] There is no reporter's record of the hearing. Cadena's affidavit regarding what transpired at the hearing is included in the mandamus record.

The bench warrant also set Cisneros's bond at $2,500.

Relator filed a petition for writ of mandamus, or alternatively, a writ of habeas corpus, and a motion for emergency relief on July 1, 2015. The Court granted the motion for emergency relief and stayed the bench warrant.

## ISSUANCE OF BENCH WARRANT
## FOR OFFICER OF THE COURT

In three issues, Relator contends that he is entitled to either mandamus or habeas corpus relief because the trial court issued a bench warrant for him without meeting minimum due process requirements.

### *Mandamus or Habeas Corpus?*

The first matter we must address is whether Respondent's order is reviewable by mandamus or habeas corpus. An order of contempt is not appealable. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Ex parte Gray*, 649 S.W.2d 640, 642 (Tex.Crim.App. 1983). If the contemnor has been confined or released on bond, a contempt order is reviewed by means of an application for writ of habeas corpus. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995). A petition for writ of mandamus is the appropriate mechanism for review when the contemnor has not been confined. *Id.* Because the trial court has not yet entered a written contempt order and Relator has not been taken into custody, the bench warrant is reviewable by petition for writ of mandamus rather than habeas corpus. *See In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105 (Tex.App.--El Paso May 30, 2014, orig. proceeding)(reviewing orders initiating contempt proceedings against assistant district attorney without providing notice of the charges and affording a reasonable amount of time to prepare for a hearing); *In re Blancas,* No. 08-13-00256-CR, 2014 WL 2466108 (Tex.App.--El Paso May 30, 2014, orig. proceeding)(same); *In re Darnold*, No. 08-13-00257-CR, 2014 WL 2466113 (Tex.App.--El Paso May 30, 2014, orig.

proceeding)(same).

*Standard of Review*

Mandamus is an extraordinary remedy that will issue only if the relator shows: (1) the trial court abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Management, L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

*Constructive or Direct Contempt*

Disobedience or disrespect of a court which occurs in the presence of a court is known as direct contempt. *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011). In a case of direct contempt, the court must have direct knowledge of the behavior constituting contempt, and the court may in limited circumstances conduct a summary proceeding without notice and a hearing. *Id.* The trial court's authority to summarily punish contemptuous conduct flows from observing the conduct and the exigency of the situation. *Ex parte Knable*, 818 S.W.2d 811, 813 (Tex.Crim.App. 1991). If there are no exigent circumstances, the authority of the trial court to punish without notice and an opportunity to be heard also ceases to exist. *Id.* Contempt which occurs outside of the court's presence is referred to as constructive contempt. *Id.* A constructive contemnor is entitled to procedural safeguards such as notice, a hearing, and the opportunity to obtain an attorney. *Id.* The record does not reflect the existence of any exigent circumstances sufficient to justify foregoing the requirements of due process. Regardless of whether this case involves constructive or direct contempt, Relator was entitled to notice and a reasonable opportunity to be heard.

*Civil or Criminal Contempt?*

Civil contempt is remedial and coercive in nature--the confinement is conditioned on obedience with the court's order. *In re Reece*, 341 S.W.3d at 365. The contemnor is released from confinement once he obeys the court's order. *See Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976). Criminal contempt, on the other hand, is punitive in nature, and the court punishes the contemnor for a completed act or omission rather than ordering him confined to compel compliance with an existing order. *Id.* The language in the bench warrant reflects that Relator is being taken into custody because he failed to appear at two hearings. There is no pending order which Relator has continued to refuse to obey. Accordingly, this case involves criminal contempt.

*Constitutionally Insufficient Due Process*

Notice in the context of a criminal contempt proceeding requires two types of notice: timely notice by personal service of the show cause hearing, and full and unambiguous notice of the contempt accusations. *In re Warrick*, 2014 WL 2466105, at *6; *Gonzalez v. State*, 187 S.W.3d 166, 170 (Tex.App.--Waco 2006, no pet), *citing Ex parte Adell*, 769 S.W.2d 521, 522 (Tex. 1989) *and Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988); *In re Rowe*, 113 S.W.3d 749, 752 (Tex.App.--Austin 2003, orig. proceeding). Notice of the contempt allegations must state when, how, and by what means the person has been guilty of contempt and must be personally served on the alleged contemnor. *In re Warrick*, 2014 WL 2466105, at *6. The contempt proceedings were initiated by the trial court rather than by the real parties in interest. Consequently, this notice was required to be personally served on Relator by a show cause order or equivalent legal process. *Id.* Additionally, the notice must be given a reasonable time before the hearing. *Id.* In the absence of constitutionally sufficient notice, a contempt order is void. *Ex*

*parte Adell*, 769 S.W.2d at 522; *In re Warrick*, 2014 WL 2466105, at *6.

The trial court did not enter a show cause order requiring Relator to appear and show cause why he should not be held in contempt for failing to attend the June 25, 2015 hearing. The court entered an order setting the case for a show cause hearing on June 29, 2015, but the order does not provide Relator with any notice that he was accused of contempt or subject to being punished for any act or omission. In fact, the order does not even include the word "contempt" and it does not allege in what manner Relator has committed contempt of court. Significantly, the order does not make Relator's attendance at the hearing mandatory. The order states on its face that Relator was required to appear in person *unless arrangements were made for local counsel to attend the hearing*. That is exactly what Relator did -- Relator's legal assistant made arrangements for local counsel to attend the June 29th hearing and Cadena appeared at the hearing only to be summarily excused by the trial court. In the *Warrick, Blancas,* and *Darnold* cases, it was quite obvious to the relators that the trial court intended to hold them in contempt, but they were not provided notice of the specific allegations. Here, it is not clear from the face of the order that Relator was even alleged to have committed contempt much less "how, when, and by what means." In summary, the "show cause order" issued on June 25, 2015 did not give Relator constitutionally sufficient notice of the contempt allegations against him.

*Capias for Failure to Appear*

A trial court has the authority to issue a capias for an alleged contemnor if he fails to appear at a properly noticed contempt hearing. *See Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex. 1983)(holding that the proper procedure to follow when an individual is cited for contempt and fails to appear is not to hold the hearing in his absence, but rather to bring the individual into court pursuant to a capias or a writ of attachment). Assuming for the sake of argument that the

trial court issued the bench warrant in lieu of a capias or writ of attachment because Relator failed to appear at the June 29 hearing, we conclude that the bench warrant is void because, as we have already held, Relator was not given constitutionally-sufficient notice of the June 29 hearing or the contempt allegations.

*Inadequate Remedy at Law*

Relator is not permitted to appeal the issuance of a bench warrant or a contempt order. Section 21.002(d) provides a remedy to an officer of the court that is not available to other contemnors. Section 21.002(d) of the Texas Government Code provides that an officer of the court who has been found guilty of contempt shall, upon proper motion filed in the offended court, be released on his own personal recognizance pending a *de novo* determination of his guilt or innocence. *See* TEX.GOV'T CODE ANN. § 21.002(d)(West 2004). The remedy provided by Section 21.002(d) is inadequate because Respondent has not entered a contempt order, yet he has ordered an officer of the court confined until the contempt hearing, and Relator can temporarily secure his release only if he posts a bond in the amount of $2,500. Under these circumstances, the remedy afforded to Relator by Section 21.002(d) in the event he is adjudged guilty of contempt rings hollow and amounts to no remedy at all. We sustain Issues One and Two[3] and conditionally grant mandamus relief. The writ will issue only in the event Respondent fails to withdraw the bench warrant.


November 6, 2015
YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[3] It is unnecessary to address Issue Three which addresses Relator's request for habeas corpus relief.