

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| IN RE | § | No. 08-16-00276-CV |
| KRISTY GABRIELOVA, | § | AN ORIGINAL PROCEEDING |
| RELATOR | § | IN MANDAMUS |
|  | § |  |

## **O P I N I O N**

Kristy Gabrielova asks the Court to issue the writ of mandamus against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to compel him to withdraw a bench warrant for Relator and cease contempt proceedings until Respondent has afforded Relator due process. This is the second mandamus proceeding filed in this Court by a non-El Paso attorney accused of contempt by Respondent. *See In re Cisneros*, 487 S.W.3d 237, 243 (Tex.App.--El Paso 2015, orig. proceeding). We conditionally grant mandamus relief.

### **FACTUAL SUMMARY**

Relator is a Houston attorney employed by Midland Credit Management, Inc. (MCM), and she represents Midland Funding, LLC in a suit styled *Midland Funding LLC v. Maria Romero,* cause number 2015DCV1187. Midland Funding sued the *pro se* defendant, Romero, on an unpaid credit card account, and local counsel appeared on behalf of Midland Funding on six occasions during the course of the case without any problems. Midland Funding and Romero settled the case, and Midland Funding filed a motion for continuance on that basis in August

2015. Respondent set the case for an entry of judgment hearing on September 24, 2015 and again on October 8, 2015, but it appears that the settlement process was not completed until Romero finished making her settlement payments. The court set the case for a status hearing on November 12, 2015, and then on January 7, 2016. On January 11, 2016, Respondent entered an order setting the case for a bench trial on February 4, 2016. The order stated the following:

> The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.

> If the above reference (sic) case has already been settled, tried or dismissed, please notify the Court Coordinator… upon receipt of this order.

Relator did not attend trial because she was pregnant and under doctor's orders to not travel, but she made arrangements for local counsel to attend the bench trial. Unfortunately, local counsel went to the wrong court. Midland Funding non-suited the case on February 5, 2016 after Romero made the payments required by the settlement agreement.

Apparently displeased that counsel for Midland Funding had not appeared for the bench trial, Respondent issued a show cause order for Relator to appear on February 9, 2016. Relator sent a letter dated February 5, 2016 to Respondent apologizing for her absence and explaining why no one had appeared on behalf of Midland Funding. She also notified him that the case had been settled and non-suited. Additionally, on February 8, 2016, Relator's obstetrician sent Respondent a letter stating that she was scheduled for a C-section on April 18, 2016, and he had ordered her to not travel to El Paso. On April 6, Respondent issued another show cause order requiring Relator to appear on April 21, 2016. On April 20, 2016, another attorney at MCM, Brian Staley, informed Respondent that Relator had, in fact, undergone a C-section on April 18, 2016, and she would be on FMLA leave for twelve weeks. Staley sent a second letter to Respondent reminding him that Midland Funding had filed a motion to dismiss the suit with

prejudice, and informing him that if Respondent required Relator's presence in order to grant the motion, she could not attend a hearing until August 2016. Respondent issued another show cause order requiring Relator to appear on May 26, 2016. Respondent also sent a letter addressed to Relator at the MCM office informing her that he would proceed with the contempt hearing with or without her, and he would consider "[t]he full range of punishment." Relator did not attend the show cause hearing, and Respondent issued a bench warrant for her arrest. The bench warrant set bond in the amount of $2,500.

Even though Midland Funding had non-suited the case, Respondent set the underlying case for a status hearing on September 22, 2016. When Relator did not appear for the status hearing, Respondent issued another show cause order requiring Relator to appear on October 13, 2016. Relator filed a mandamus petition and motion for emergency relief. The Court granted the motion and stayed the bench warrant and all proceedings in the case, including the show cause hearing set for October 13, 2016.

**ISSUANCE OF BENCH WARRANT FOR AN OFFICER OF THE COURT**

In four issues, Relator contends that she is entitled to either mandamus or habeas corpus relief because the trial court issued a bench warrant for her without meeting minimum due process requirements. This case is substantially similar to *In re Cisneros* which issued several months before the facts giving rise to this mandamus proceeding.

*Mandamus or Habeas Corpus?*

Before reaching the merits of these issues, we must address whether Respondent's order is reviewable by mandamus or habeas corpus. It is well established that an order of contempt is not appealable. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Ex parte Gray*, 649 S.W.2d 640, 642 (Tex.Crim.App. 1983). If the contemnor has been confined or released on bond, a contempt

order is reviewed by means of an application for writ of habeas corpus. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995). A petition for writ of mandamus is the appropriate mechanism for review when the contemnor has not been confined. *Id.* Because Respondent has not yet entered a written contempt order and Relator has not been taken into custody, the bench warrant and show cause order issued by Respondent are reviewable by petition for writ of mandamus rather than habeas corpus. *See In re Cisneros*, 487 S.W.3d at 241 (bench warrant issued for attorney who failed to appear for hearing reviewable by petition for writ of mandamus rather than habeas corpus); *In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105 (Tex.App.--El Paso May 30, 2014, orig. proceeding)(reviewing orders initiating contempt proceedings against assistant district attorney without providing notice of the charges and affording a reasonable amount of time to prepare for a hearing); *In re Blancas,* No. 08-13-00256-CR, 2014 WL 2466108 (Tex.App.--El Paso May 30, 2014, orig. proceeding)(same); *In re Darnold*, No. 08-13-00257-CR, 2014 WL 2466113 (Tex.App.--El Paso May 30, 2014, orig. proceeding)(same).

*Standard of Review*

Mandamus is an extraordinary remedy that will issue only if the relator shows: (1) the trial court abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 462 (Tex. 2008)(orig. proceeding); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Management, L.P*., 164 S.W.3d 379, 382 (Tex. 2005).

*Due Process is Required*

A trial court may, in limited circumstances, conduct a summary contempt proceeding

without notice and a hearing when a party or attorney commits a contumacious act in the presence of the court.  *See In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011).  Contemptuous conduct which occurs in the presence of the court is referred to as direct contempt.  *Id.*  The trial court's authority to summarily punish contemptuous conduct flows from observing the conduct and the exigency of the situation.  *Ex parte Knable*, 818 S.W.2d 811, 813 (Tex.Crim.App. 1991).  If there are no exigent circumstances, the trial court does not have authority to punish without notice and an opportunity to be heard.  *Id.*  Contempt which occurs outside of the court's presence is referred to as constructive contempt.  *Id.*  A constructive contemnor is entitled to procedural safeguards such as notice, a hearing, and the opportunity to obtain an attorney.  *Id.*

The record does not reflect the existence of any exigent circumstances sufficient to justify foregoing the requirements of due process.  Regardless of whether this case involves constructive or direct contempt, Relator was entitled to notice and a reasonable opportunity to be heard.

*Civil or Criminal Contempt?*

As part of our analysis, we must also determine whether the case involves civil or criminal contempt.  Civil contempt is remedial and coercive in nature--the confinement is conditioned on obedience with the court's order.  *In re Reece*, 341 S.W.3d at 365.  The contemnor is released from confinement once he obeys the court's order.  *See Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976).  Criminal contempt, on the other hand, is punitive in nature, and the court punishes the contemnor for a completed act or omission rather than ordering him confined to compel compliance with an existing order.  *Id.*  The language in the bench warrant issued on June 1, 2016 reflects that Relator is being taken into custody solely because she failed to appear for status hearings on February 4, 2016 and on February 9, 2016.  The show cause order recites that Relator failed to appear at a status hearing set for September 22, 2016.  There is

no pending order which Relator has continued to refuse to obey. Accordingly, this case involves criminal contempt.

*Constitutionally Insufficient Due Process*

Our opinion in *Cisneros* set forth the due process requirements in detail. Respondent's failure to afford another attorney practicing in his court with due process before issuing a bench warrant for counsel leads us to conclude that these requirements must be reiterated.

Notice in the context of a criminal contempt proceeding requires two types of notice: timely notice by personal service of the show cause hearing, and full and unambiguous notice of the contempt accusations. *In re Cisneros*, 487 S.W.3d at 242; *In re Warrick*, 2014 WL 2466105, at *6; *Gonzalez v. State*, 187 S.W.3d 166, 170 (Tex.App.--Waco 2006, no pet.), *citing Ex parte Adell*, 769 S.W.2d 521, 522 (Tex. 1989) *and Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988); *In re Rowe*, 113 S.W.3d 749, 752 (Tex.App.--Austin 2003, orig. proceeding.). Notice of the contempt allegations must state when, how, and by what means the person has been guilty of contempt and must be personally served on the alleged contemnor. *In re Cisneros*, 487 S.W.3d at 242; *In re Warrick*, 2014 WL 2466105, at *6. The contempt proceedings were initiated by Respondent rather than by the Real Party in Interest. Consequently, this notice was required to be personally served on Relator by a show cause order or equivalent legal process. *Id.* Additionally, the notice must be given a reasonable time before the hearing. *Id.* In the absence of constitutionally sufficient notice, a contempt order is void. *Ex parte Adell*, 769 S.W.2d at 522; *In re Cisneros*, 487 S.W.3d at 242; *In re Warrick*, 2014 WL 2466105, at *6.

On June 1, 2016, Respondent issued a bench warrant for Relator's arrest because she failed to appear for the May 26, 2016 show cause hearing. The evidence presented by Relator shows that she was not personally served with the show cause order. *See* TEX.R.CIV.P. 103,

106. Respondent instead sent the show cause order to Relator by certified mail at the mailing address for Relator's employer.[1] Relator, who was on FMLA leave at the time, did not sign the certified mail receipt. In order to satisfy the personal service requirement, Respondent was required to take steps to cause a true copy of the show cause order to be delivered to Relator *in person*. In the absence of personal service of the show cause order, Relator was not required to attend the show cause hearing nor can she be held in contempt for failure to do so. *See Ex parte Harwell*, 538 S.W.2d 667, 668-70 (Tex.Civ.App.--Waco 1976, orig. proceeding).

A trial court has the authority to issue a capias for an alleged contemnor if he fails to appear at a *properly noticed contempt hearing*. *See Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex. 1983)(holding that the proper procedure to follow when an individual is cited for contempt and fails to appear is not to hold the hearing in his absence, but rather to bring the individual into court pursuant to a capias or a writ of attachment); *In re Cisneros*, 487 S.W.3d at 243. Assuming for the sake of argument that Respondent issued the bench warrant in lieu of a capias or writ of attachment because Relator failed to appear at the May 26 hearing, we conclude that the bench warrant is void because Respondent failed to provide Relator with constitutionally-sufficient notice of the May 26 hearing. *See In re Cisneros*, 487 S.W.2d at 243.

Respondent also issued a show cause order requiring Relator to appear and show cause why she should not be held in contempt for failing to attend the September 22, 2016 status hearing. On September 13, 2016, Respondent entered an order setting the underlying case for a status hearing on September 22, 2016 even though Midland Funding had non-suited the underlying cause more than six months earlier. The evidence shows that the show cause order was faxed to the MCM office, but Relator was not personally served with it. Because Relator was not provided with constitutionally-sufficient notice of the show cause hearing, Respondent

---

[1] The mailing address for MCM is a post office box in Houston, Texas.

may not proceed with the contempt hearing.

*Inadequate Remedy at Law*

As already noted, Relator is not permitted to appeal a contempt order. Section 21.002(d) provides a remedy to an officer of the court that is not available to other contemnors. Section 21.002(d) of the Texas Government Code provides that an officer of the court who has been found guilty of contempt shall, upon proper motion filed in the offended court, be released on his own personal recognizance pending a *de novo* determination of his guilt or innocence. *See* TEX.GOV'T CODE ANN. § 21.002(d)(West 2004). The remedy provided by Section 21.002(d) is inadequate because Respondent has not entered a contempt order, yet he has ordered an officer of the court confined until the contempt hearing, and Relator can temporarily secure her release only if she posts a bond in the amount of $2,500. Under these circumstances, the remedy afforded to Relator by Section 21.002(d) in the event she is adjudged guilty of contempt amounts to no remedy at all.

We conclude that the bench warrant and the show cause orders are void, and Relator has shown that she is entitled to mandamus relief. Accordingly, we conditionally grant mandamus relief and order Respondent to immediately withdraw the bench warrant for Relator and cease contempt proceedings against her. The writ will issue only if Respondent fails to comply.


December 20, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.