# NO. 12-24-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL LAMONT DORSEY,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *DENIECE LAFAYETTE DORSEY,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Darrell Lamont Dorsey, appeals the trial court's entry of a Final Decree of Divorce. In one issue, he alleges that he received no notice of a show cause hearing, at which he contends the trial court conducted a final trial. We affirm.

## BACKGROUND

In September of 2022, Appellee Deniece Lafayette Dorsey sought a divorce from Appellant in the County Court of Law in Anderson County, Texas. The trial court conducted a final trial on October 12, 2023, at which both Appellant and Appellee appeared and announced ready. Trial concluded on the same day, with both parties presenting testimony and evidence, resting, and closing.[1] The trial court advised the parties that absent an agreement as to the division of the marital assets, the court would order a sale of all assets and the division of all net proceeds. The court ordered the parties to attend mediation within thirty days at Appellant's expense. However, Appellant did not pay the mediator and generally refused to participate in mediation. The court scheduled a status conference via Zoom for January 17, 2024 (reset from

---

[1] Appellant alleges that the trial court held a final hearing on October 12, 2023, but did not "proceed to conclusion," "abated the case," and ordered the parties to attend mediation.

January 3 by the parties' agreement), which neither Appellee nor his counsel attended. On January 19, Appellee moved for an *ex parte* temporary restraining order, alleging that Appellant was actively attempting to sell or encumber community property without her knowledge or consent. The trial court granted the motion, entered the requested temporary restraining order, and set a hearing for January 30 at 9:00 a.m. The motion contains a certificate of service signed by Appellee's attorney stating that the document was served upon Appellant's counsel in compliance with the Texas Rules of Civil Procedure. However, Appellant did not appear at the January 30 hearing.

On February 2, the trial court issued a Show Cause Order directing Appellant to appear on February 13 at 1:30 p.m. and show cause why he should not be sanctioned or held in contempt for (1) failing to appear for the January 30 hearing, and (2) disposing of community assets in violation of the temporary restraining order. The signed Show Cause Order is accompanied by an automated certificate of service stating that Colleen Dunbar, Appellant's counsel, was served with the order via the e-filing system on January 30, 2024, at 4:30 p.m.— two days before the trial court actually signed the order. Neither Appellant nor his counsel appeared at the February hearing. Appellee requested that the trial court make a final ruling in the case awarding her a judgment of $302,785.00 (representing the equity in the marital residence at the time of trial), which the trial court granted. Further, the trial court ordered Appellant to pay Appellee $2,500.00 per month until the judgment was satisfied (to include any equity from the sale of the marital residence), secured by an owelty lien.

The trial court entered the written Final Decree of Divorce, memorializing its earlier ruling, on March 22. Appellant moved for a new trial on April 17, which was overruled by operation of law. At Appellant's request, the trial court issued findings of fact and conclusions of law on April 19. This appeal followed.

<u>**NOTICE OF HEARING**</u>

In his sole issue, Appellant contends that his right to due process was violated by the trial court's entry of final judgment at the February 13 hearing.

**<u>Applicable Law</u>**

Under the Texas Rules of Appellate Procedure, an appellant must request in writing that the official court reporter prepare the reporter's record, designate in the request the portions of

the proceedings to be included, and file a copy of the request with the trial court clerk. TEX. R. APP. P. 34.6(b). If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. TEX. R. APP. P. 34.6(c)(1). If the appellant complies with Rule 34.6(c)(1), the appellate court must presume that the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. TEX. R. APP. P. 34.6(c)(4). However, if the appellant fails to file a statement of points or issues, the record is deemed incomplete, and the appellate court presumes that the missing portions of the reporter's record are relevant and support the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *In re Tyler*, 408 S.W.3d 491, 494 (Tex. App.—El Paso 2013, no pet.).

In a contempt proceeding, due process requires constitutionally sufficient notice of a show cause hearing; absent such notice, a contempt order is void. *See In re Gabrielova*, 527 S.W.3d 290, 295 (Tex. App.—El Paso 2016, orig. proceeding). Further, absent personal service of a show cause order, the party not served is not required to attend the show cause hearing, nor can he be held in contempt for failing to appear. *See id.* at 296 (citing *Ex parte Harwell*, 538 S.W.2d 667, 668–70 (Tex. Civ. App.—Waco 1976, orig. proceeding)).

**Analysis**

The reporter's record on file consists only of the Show Cause Hearing at which the trial court announced its ruling, and the record omits the entirety of the trial on the merits conducted in October 2023. The clerk's record contains neither a request for a partial reporter's record from Appellant to the official reporter nor a statement of points or issues to be presented on appeal. Because Appellant did not comply with Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure, we must presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment.

The particulars of Appellant's argument are somewhat difficult to comprehend from his brief; nevertheless, we liberally construe said brief in an attempt to give effect to Appellant's arguments. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 261 (Tex. 2022). First, Appellant appears to contend that he did not receive notice of the Show Cause Hearing at all, because while his attorney of record was e-served with the Show Cause Order, he was not *personally* served. However, Appellant later appears to concede that he was at least notified of the date and time of the Show Cause Hearing via service upon his attorney of record ("Construing the Show Cause

3

Order to have provided notice to Appellant's trial counsel, Appellant would deemed [sic] to have notice…"). Second, Appellant appears to argue that (1) the Show Cause Hearing was actually a continuation of the earlier trial, and (2) the Show Cause Order notified him only that he was to "show cause why he should not be sanctioned or held in contempt of court for alleged violations" of the court's earlier order and failed to inform him either that "the court reset the final trial for February 13, 2024" or "the court was proceeding to final judgment on February 13, 2024."

In asserting that he received inadequate notice of the Show Cause Hearing, Appellant cites to jurisprudence pertaining to notice of final trial settings as a matter of due process. However, despite Appellant's insistence to the contrary, nothing in the record before us indicates that the hearing set for February 13 constituted a continuation of the earlier final trial or was otherwise in the nature of a trial setting.[2]  Rather, as Appellant acknowledges, the Show Cause Order states only that Appellant was to appear and "show cause why he should not be sanctioned or held in contempt of court for alleged violations" of the court's earlier orders.  The record is not clear as to whether Appellant received adequate notice of the Show Cause Hearing, as the clerk's record shows only that Appellant's counsel was served with the *unsigned* version of the Show Cause Order and contains nothing pertaining to service of the *signed* version.  However, even assuming without deciding that Appellant did not receive constitutionally sufficient notice of the Show Cause Hearing, we cannot conclude that Appellant was harmed by the error. Nothing in the record suggests that the trial court (1) heard evidence or argument related to the contempt allegations, (2) held Appellant in contempt of court or issued a contempt order, or (3) issued any sanction or penalty related to the allegations of contempt (for failure to attend the Show Cause Hearing or otherwise).  *See, e.g.*, **In re Wal-Mart Stores, Inc.**, 545 S.W.3d 626, 633 (Tex. App.—El Paso 2016, orig. proceeding) ("Because the contempt orders were rendered without adequate notice to the four [] defendants, the contempt orders are void[.]").

To the extent that Appellant argues that he (as a party to the underlying action) was entitled to advance notice that the trial court "was proceeding to final judgment on February 13, 2024," or entitled to be present for the in-court rendition of judgment, he provides no authority or analysis to support this contention.  *See Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-

---

[2] Because the record is incomplete, we cannot determine with certainty whether the trial of this matter was concluded on October 12, 2023, as Appellee alleges.  However, we presume that the omitted portion of the reporter's record supports the trial court's judgment, and therefore we presume that the reporter's record from October 12 would show that the trial of this matter concluded on that date. Similarly, we presume that Appellant appeared and fully participated at the trial of this matter.

CV, 2020 WL 6707561, at *6 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) ("Were an appellate court to perform the fundamental research to support a party's argument … the appellate justices would be abandoning their roles as judges by becoming advocates for that party."). Instead, Texas law provides that a trial court may render judgment not only by announcing a decision orally in open court, but also by written memorandum filed with the clerk (and therefore outside the physical presence of the parties entirely). *See Garza v. Texas Alcoholic Beverage Com'n*, 89 S.W.3d 1, 6 (Tex. 2002); *Gamboa v. Gamboa*, 383 S.W.3d 263, 270 (Tex. App.—San Antonio 2012, no pet.). We cannot conclude that Appellant's absence from court on February 13 renders the trial court's judgment invalid.

In consideration of the foregoing, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion November 20, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 20, 2024**

**NO. 12-24-00202-CV**

**DARRELL LAMONT DORSEY,**
Appellant
V.
**DENIECE LAFAYETTE DORSEY,**
Appellee

Appeal from the County Court at Law

of Anderson County, Texas (Tr.Ct.No. CCL-22-17804)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Darrell Lamont Dorsey, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*