**Thomas Johnson ROSSER, Relator,**

v.

**The Honorable James D. SQUIER, Judge, Respondent.**

No. 95–0370.

Supreme Court of Texas.

June 29, 1995.

Herbert Neil Lackshin, Houston, for relator.

Reginald A. Hirsch, Houston, Dennis B. Kelly, The Law Offices of Dennis B. Kelly,

Stewart W. Gagnon, Fulbright & Jaworski, Houston, for respondent.

PER CURIAM.

Nancy Jean Rosser filed a contempt motion against her former husband, Thomas Johnson Rosser, alleging six counts of contempt. After notice and hearing, the trial court convicted Thomas of all six counts of contempt, and assessed no confinement, but as punishment assessed a fine of $45,000.00 payable to a third party. Thomas seeks mandamus relief against this order and related orders.

Habeas corpus relief is not available because there is no physical restraint. *Ex parte Williams*, 690 S.W.2d 243 (Tex. 1985). To the extent that Thomas seeks mandamus relief from a fine assessed under a contempt order because the excessive amount of the fine was void, this court will entertain mandamus jurisdiction. *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824 (1960); *see also Kidd v. Lance*, 794 S.W.2d 586, 587 n. 1 (Tex.App.—Austin 1990, orig. proceeding). Under Tex. Gov't Code § 21.002(b), the trial court lacks jurisdiction to assess a fine of more than $500 for each contempt. *Ex parte Carey*, 704 S.W.2d 13, 14 (Tex.1986); *Ex parte Campbell*, 417 S.W.2d 585 (Tex.1967). The fine beyond the maximum is void. For six counts, the maximum fine is $3,000.00.

Without hearing argument, a majority of the court conditionally grants the writ of mandamus directing Judge Squier to reduce the fine to $3,000 payable to the court, because his contempt judgment conflicts with Tex.Gov't Code § 21.002(b), *Ex parte Carey*, and *Ex parte Campbell*. Tex.R.App.P. 122. All relief not expressly granted is denied.