

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00082-CV

## IN RE JOHN W. COCKRELL

_____

## Original Proceeding

## MEMORANDUM OPINION

Tom and Judy Matlock sued John W. and Cynthia Cockrell, seeking an injunction prohibiting them from violating a single-family use deed restriction. After a bench trial, the trial court granted a permanent injunction. A majority of this Court affirmed the trial court's judgment as modified. The injunction, as modified, states:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that JOHN W. COCKRELL and CYNTHIA COCKRELL and their family members, including JOSH COCKRELL and JARED COCKRELL, their agents, servants, and employees be and are hereby perpetually enjoined from using the Property located at 8714 Bent Tree, College Station, Texas, being more specifically described as Lot 10, Block 3, Emerald Forest, Phase Four, City of College Station, Texas, for any purpose other than as a residence for a single family. IT IS ORDERED that Defendants, their family members, agents, servants and employees while living on the property are permanently enjoined from permitting to reside on the Property, by commercial or contractual rental agreement, any non-family persons other

than incidental boarders or lodgers. IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants, their family members, servants, agents, employees are perpetually enjoined from violating the following provision of the Deed Restrictions of Emerald Forest, Phase Four, College Station, Texas: ANo [sic] lot shall be used for any purpose except for single family residential purposes.

*See Cockrell v. Matlock*, No. 10-07-00283-CV, 2009 WL 2462654, at *7-8 (Tex. App.—Waco Aug. 12, 2009, no pet.).

Thereafter, Judy Matlock filed a motion for contempt, alleging that John W. Cockrell was violating the injunction by allowing two male non-family members to reside on the property through a commercial or contractual rental agreement. The trial court issued a show-cause order. It stated that Matlock alleged that Cockrell had "disobeyed the injunction by allowing two (2) male non-family members to reside on the property . . . through a commercial contractual rental agreement that exceeds incidental lodging or boarding" and ordered Cockrell to show why he should not be held in contempt of court and sanctioned for violating the injunction. Subsequently, Matlock filed a first amended motion for contempt, again alleging that Cockrell was violating the injunction by allowing two male non-family members to reside on the property through a commercial or contractual rental agreement that exceeded incidental lodging or boarding. Matlock further alleged that although Cockrell claimed the two males were family members because of an adult adoption entered in Collin County on or about August 28, 2009, any adoption of the adult renters was "a sham and a subterfuge" on the court.

A hearing on the first amended motion for contempt was held. The trial court found Cockrell in contempt for permitting two non-family persons to reside on the property by commercial or contractual rental agreement from July 27, 2009 through August 28, 2009. The trial court also found that on August 28, 2009, Cockrell adopted the two persons and thus was no longer in violation of the permanent injunction. When the trial court asked Matlock's counsel what he suggested for a fine, Matlock's counsel suggested $3,000 per day for a total of $90,000. The trial court set the fine at $50,000. Cockrell seeks a writ of mandamus compelling the trial court to vacate the Judgment of Contempt, signed on January 25, 2010, or, alternatively, to reduce the fine.

In his second issue, John W. Cockrell contends that the fine imposed by the trial court exceeds the statutory maximum amount the trial court may impose. We agree. The trial court lacks jurisdiction to assess a fine of more than $500 for each contempt. TEX. GOV'T CODE ANN. § 21.002(b) (Vernon 2004); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *see also Ex parte Hudson*, 917 S.W.2d 24, 25-26 (Tex. 1996) (there was only single act of contempt in failing to remove junk from premises pursuant to injunction and thus fine could not exceed $500 and could not be separately imposed for each day that condition of property remained unchanged). The fine beyond the maximum is void. *Rosser*, 902 S.W.2d at 962. Cockrell was convicted of two counts of contempt; therefore, the maximum fine is $1,000.

We do not reach any of the other issues articulated by Cockrell.

We grant John W. Cockrell's petition for writ of mandamus. The writ will issue only if the trial court fails to reduce the fine to $1,000 within fourteen days.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray respectfully disagrees with the Court's opinion and dissents to the judgment.  A separate opinion will not issue.)
Petition granted and writ conditionally issued
Opinion delivered and filed June 2, 2010
[OT06]