IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00082-CV

 

In
re John W. Cockrell

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Tom and Judy Matlock sued John
W. and Cynthia Cockrell, seeking an injunction prohibiting them from violating
a single-family use deed restriction.  After a bench trial, the trial court
granted a permanent injunction.  A majority of this Court affirmed the trial
court’s judgment as modified.  The injunction, as modified, states:

IT IS THEREFORE ORDERED, ADJUDGED AND
DECREED that JOHN W. COCKRELL and CYNTHIA COCKRELL and their family members,
including JOSH COCKRELL and JARED COCKRELL, their agents, servants, and
employees be and are hereby perpetually enjoined from using the Property
located at 8714 Bent Tree, College Station, Texas, being more specifically
described as Lot 10, Block 3, Emerald Forest, Phase Four, City of College
Station, Texas, for any purpose other than as a residence for a single family.
IT IS ORDERED that Defendants, their family members, agents, servants and employees
while living on the property are permanently enjoined from permitting to reside
on the Property, by commercial or contractual rental agreement, any non-family
persons other than incidental boarders or lodgers. IT IS FURTHER ORDERED,
ADJUDGED and DECREED that the Defendants, their family members, servants,
agents, employees are perpetually enjoined from violating the following
provision of the Deed Restrictions of Emerald Forest, Phase Four, College
Station, Texas: ANo [sic] lot shall be used for any purpose except for single
family residential purposes. 

 

See Cockrell v. Matlock, No. 10-07-00283-CV, 2009 WL 2462654,
at *7-8 (Tex. App.—Waco Aug. 12, 2009, no pet.).

            Thereafter, Judy Matlock
filed a motion for contempt, alleging that John W. Cockrell was violating the
injunction by allowing two male non-family members to reside on the property through
a commercial or contractual rental agreement.  The trial court issued a show-cause
order.  It stated that Matlock alleged that Cockrell had “disobeyed the injunction
by allowing two (2) male non-family members to reside on the property . . . through
a commercial contractual rental agreement that exceeds incidental lodging or
boarding” and ordered Cockrell to show why he should not be held in contempt of
court and sanctioned for violating the injunction.  Subsequently, Matlock filed
a first amended motion for contempt, again alleging that Cockrell was violating
the injunction by allowing two male non-family members to reside on the
property through a commercial or contractual rental agreement that exceeded
incidental lodging or boarding.  Matlock further alleged that although Cockrell
claimed the two males were family members because of an adult adoption entered
in Collin County on or about August 28, 2009, any adoption of the adult renters
was “a sham and a subterfuge” on the court.

            A hearing on the first
amended motion for contempt was held.  The trial court found Cockrell in
contempt for permitting two non-family persons to reside on the property by
commercial or contractual rental agreement from July 27, 2009 through August
28, 2009.  The trial court also found that on August 28, 2009, Cockrell adopted
the two persons and thus was no longer in violation of the permanent
injunction.  When the trial court asked Matlock’s counsel what he suggested for
a fine, Matlock’s counsel suggested $3,000 per day for a total of $90,000.  The
trial court set the fine at $50,000.  Cockrell seeks a writ of mandamus
compelling the trial court to vacate the Judgment of Contempt, signed on
January 25, 2010, or, alternatively, to reduce the fine.

            In his second issue, John W.
Cockrell contends that the fine imposed by the trial court exceeds the
statutory maximum amount the trial court may impose.  We agree.  The trial
court lacks jurisdiction to assess a fine of more than $500 for each contempt. 
Tex. Gov’t Code Ann. § 21.002(b)
(Vernon 2004); Rosser v. Squier, 902 S.W.2d 962, 962 (Tex. 1995); see
also Ex parte Hudson, 917 S.W.2d 24, 25-26 (Tex. 1996) (there was only
single act of contempt in failing to remove junk from premises pursuant to
injunction and thus fine could not exceed $500 and could not be separately
imposed for each day that condition of property remained unchanged).  The fine
beyond the maximum is void.  Rosser, 902 S.W.2d at 962.  Cockrell was
convicted of two counts of contempt; therefore, the maximum fine is $1,000.

            We do not reach any of the
other issues articulated by Cockrell.

            We grant John W. Cockrell’s
petition for writ of mandamus.  The writ will issue only if the trial court fails
to reduce the fine to $1,000 within fourteen days.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray respectfully
disagrees with the Court’s opinion and dissents to the judgment.  A separate
opinion will not issue.)

Petition
granted and writ conditionally issued

Opinion
delivered and filed June 2, 2010

[OT06]