COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§       No. 08-16-00110-CV

IN RE: ROSA SERRANO, §

§       AN ORIGINAL PROCEEDING

Relator. §

§       IN MANDAMUS

§

## MEMORANDUM OPINION

Relator, Rosa Serrano, has filed a mandamus petition asking that we order the Honorable Virgil Mulanax, presiding judge of the County Court at Law No. 7 of El Paso County, Texas, to set aside three contempt orders and an order imposing sanctions against Relator as a result of her failure to comply with the contempt orders. Relator has also filed a motion for temporary orders. We deny both the motion for temporary orders and the petition for writ of mandamus.

Relator filed an amended affidavit of indigence which establishes a *prima facie* case of indigence. Lone Star Title Company's contest is overruled. Relator is permitted to proceed without advance payment of costs in the original proceeding only.[1] To be entitled to mandamus

---

[1] Relator is the appellant in two direct appeals pending before the Court. In *Serrano v. City Bank and Old Republic National Title Insurance Company*, cause number 08-15-00044-CV, the trial court sustained the contests to Relator's affidavit of indigence, and Relator failed to timely file her motion challenging that ruling. Consequently, Relator is responsible for the payment of the costs on appeal. In *Serrano v. Pellicano Business Park LLC*, cause number 08-15-00290-CV, Relator filed an affidavit of indigence and no contest was filed. By rule, Relator has been allowed to proceed without advance payment of costs in that appeal. *See* TEX.R.APP.P. 20.1(f).

relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 136.

In her mandamus petition, Relator attempts to challenge orders which hold her in contempt of court and order her confined in the county jail for a total of ninety-three days as punishment.[2] Additionally, Relator challenges an order entered by Respondent on September 18, 2015, which stays the contempt orders pending resolution of various appeals brought by Relator, but orders Relator to take no action to assert any claim of ownership of certain real property.

A court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Texas Animal Health Commission v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983). Mandamus is available to challenge an order of contempt not involving confinement. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995). When a contempt order imposes confinement in jail as punishment for violation of a court's prior order, mandamus review is unavailable, and the relator must instead file a petition for writ of habeas corpus. *See Chavira v. Quarry Hills Management, LLC*, 458 S.W.3d 561, 565-66 (Tex.App.-- El Paso 2014, pet. denied). The contempt orders at issue in this case order Relator confined to the county jail. Consequently, mandamus review is unavailable.

In her mandamus petition, Relator also challenges the order entered on September 18, 2015 which finds that she failed to comply with the contempt orders, stay the commitments pending resolution of Relator's direct appeals, and directs Relator to take no action to assert any ownership of the real property at issue in that case. Based on the record before us, we conclude that Relator has failed to establish she is entitled to mandamus relief with respect to this order.

---

[2] Relator has not included copies of all of the challenged orders in her appendix.

Accordingly, we deny the motion for temporary orders and the mandamus petition.

August 17, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating