

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF A.S.M., A CHILD. | § <br> § <br> § <br> § <br> § <br> § | No. 08-16-00230-CV <br><br> Appeal from <br><br> 65th District Court <br><br> of El Paso County, Texas <br><br> (TC # 2004CM737) |

## <u>MEMORANDUM OPINION</u>

This interlocutory appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Finding that the contempt order is not appealable, we dismiss the appeal for want of jurisdiction.

On June 7, 2016, the trial court entered an order finding Rogelio Marquez in criminal contempt for failure to comply with a child support order. Marquez filed notice of appeal. It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West Supp. 2016)(authorizing appeals from certain interlocutory orders). A court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Texas Animal Health Commission v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983). Mandamus is available to challenge an order of contempt not involving confinement. *See In re*

*Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995). When a contempt order imposes confinement in jail as punishment for violation of a court's prior order, mandamus review is unavailable, and the relator must instead file a petition for writ of habeas corpus. *See Chavira v. Quarry Hills Management, LLC*, 458 S.W.3d 561, 565-66 (Tex.App.--El Paso 2014, pet. denied).

On September 26, 2016, the Court sent notice to Marquez that the clerk's record had been filed, and we advised him of the Court's intent to dismiss the appeal for want of jurisdiction because the record did not include a final judgment or appealable order. Marquez did not file any response to the Court's letter notice. Finding that we do not have jurisdiction to review the contempt order on direct appeal, we dismiss the appeal for lack of jurisdiction.

October 27, 2016

                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.