

# Fourth Court of Appeals
## San Antonio, Texas

July 18, 2019

No. 04-19-00473-CV

**IN THE GUARDIANSHIP OF HORTENCIA T. VARA, AN INCAPACITATED PERSON**,
Appellant

From the County Court, Uvalde County, Texas
Trial Court No. 7058-18
Honorable William R. Mitchell, Judge Presiding

# O R D E R

Appellant Olivia Sosa seeks to appeal the "Order Compelling the Deposition of Olivia Sosa, Order Holding Olivia Sosa in Criminal Contempt of Court, Order Compelling Olivia Sosa to Produce Proposed Ward and Order Sanctioning Olivia Sosa and Joshua Carpenter" signed by the trial court on June 26, 2019 in the underlying guardianship proceeding. The order compels appellant to produce documents and appear for a deposition and to submit the proposed ward for a medical examination previously ordered by the court; finds appellant in criminal and civil contempt for preventing the execution of civil process on the proposed ward; and imposes monetary sanctions and reimbursement of costs on appellant and her counsel.

This court does not have jurisdiction to review contempt orders by direct appeal. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In re C.S.K.*, No. 04-17-00587-CV, 2017 WL 5759368, at *1 (Tex. App.—San Antonio Nov. 29, 2017) (mem. op., per curiam); *In re Guardianship of Bays*, 355 S.W.3d 715, 721-22 (Tex. App.—Fort Worth 2011, no pet.) (court of appeals had no jurisdiction over direct appeal of contempt order holding objector to guardianship proceeding in contempt and ordering the return of $300,000 of proposed ward's money). Contempt proceedings are not appealable because they involve a court's enforcement of its own orders and "are not concerned with disposing of all claims and parties before the court, as are judgments." *In re Office of Attorney Gen. of Tex.,* 215 S.W.3d 913, 915-16 (Tex. App.—Fort Worth 2007, orig. proceeding). "Contempt orders may only be reviewed by an application for a writ of habeas corpus, if the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined." *In re C.S.K.*, 2017 WL 5759368, at *1 (citing *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995)). Further, a discovery order may be challenged as exceeding the scope of the rules of procedure through a mandamus proceeding. *See In re Liberty Cnty. Mutual Ins. Co.*, 557 S.W.3d 851, 855 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (order compelling deposition); *see also In re Methodist Primary Care*

*Group*, 553 S.W.3d 709, 714 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (order compelling production of documents).

It is therefore ORDERED that appellant show cause in writing **within ten days** of the date of this order why this appeal should not be dismissed for lack of jurisdiction. The briefing schedule is suspended pending our determination of whether we have jurisdiction over this appeal.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of July, 2019.

_____
Keith E. Hottle,
Clerk of Court