

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00473-CV

**IN THE GUARDIANSHIP OF HORTENCIA T. VARA**, an Incapacitated Person

From the County Court, Uvalde County, Texas
Trial Court No. 7058-18
Honorable William R. Mitchell, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: August 14, 2019

DISMISSED

Appellant Olivia Sosa filed a notice of appeal indicating her intent to appeal the interlocutory "Order Compelling the Deposition of Olivia Sosa, Order Holding Olivia Sosa in Criminal Contempt of Court, Order Compelling Olivia Sosa to Produce Proposed Ward and Order Sanctioning Olivia Sosa and Joshua Carpenter" signed by the trial court on June 26, 2019 in the underlying guardianship proceeding. This court does not have jurisdiction to review contempt orders by direct appeal. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In re C.S.K.*, No. 04-17-00587-CV, 2017 WL 5759368, at *1 (Tex. App.—San Antonio Nov. 29, 2017) (mem. op., per curiam); *In re Guardianship of Bays*, 355 S.W.3d 715, 721-22 (Tex. App.—Fort Worth 2011, no pet.) (court of appeals had no jurisdiction over direct appeal of contempt order holding objector to guardianship proceeding in contempt and ordering the return of $300,000 of proposed ward's

money). Contempt proceedings are not appealable because they involve a court's enforcement of its own orders and "are not concerned with disposing of all claims and parties before the court, as are judgments." *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915-16 (Tex. App.—Fort Worth 2007, orig. proceeding). "Contempt orders may only be reviewed by an application for a writ of habeas corpus, if the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined." *In re C.S.K.*, 2017 WL 5759368, at *1 (citing *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995)). Similarly, a mandamus proceeding is the proper method to immediately challenge an order compelling discovery. *See In re Liberty Cnty. Mut. Ins. Co.*, 557 S.W.3d 851, 855 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (order compelling deposition); *see also In re Methodist Primary Care Group*, 553 S.W.3d 709, 714 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (order compelling production of documents).

Therefore, in an order issued July 18, 2019, we instructed appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM