**Conditionally Granted in part and Denied in part; Opinion Filed May 1, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01584-CV

## IN RE SUSAN GAIL PERRILLOUX, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-08491**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Evans
Opinion by Justice Schenck

In this mandamus proceeding, relator, Susan Gail Perrilloux, seeks relief from

the trial court's December 12, 2019 contempt order (the "Order") in a Rule 202

proceeding. After reviewing the parties' briefs and the mandamus record, we have

determined relator is entitled to relief from a portion of the Order. We therefore

conditionally grant the writ in part and deny it in part.

### BACKGROUND

The real parties in interest claim they are the beneficiaries of a trust created

by Hamp Williams ("Hamp Williams Trust"). They gave a power of attorney to

relator's husband, Ray Hudnall, Sr., now deceased, who was a relative of Hamp Williams, to hire an attorney to track down information relating to the trust.

Relator helped Hudnall, Sr. search for information about the purported trust. According to relator, she and her husband spent many years and over $300,000 in time and money to obtain and store documents concerning her late husband's ancestor and their search did not yield any evidence of a Hamp Williams Trust or any other inheritance that might belong to the real parties in interest.

The real parties in interest filed a Rule 202 petition to take pre-suit depositions from various individuals, including relator. They sought to investigate a potential suit to remove possible trustees of a Hamp Williams Trust and to recover their inheritances.

Relator, a Florida resident, filed a special appearance, which the district court denied. Relator filed a notice of interlocutory appeal from the denial of her special appearance, but later moved to dismiss same. The district court then issued its Rule 202 order, which ordered, in part, that relator's deposition would be taken within 10 miles of her residence. It also limited the scope of the deposition and subpoena duces tecum to "issues relating to the Hamp Williams Trust, including but not limited to the creation of such Trust, as well as any actions relating to the creation of, existence of, or conduct concerning the Hamp Williams Trust."

The real parties in interest served a notice of deposition and subpoena duces tecum on relator, compelling her to appear for deposition on January 18, 2019, in California, where relator maintains a second home. Among other things, the subpoena duces tecum requested production of all documents in relator's possession or control "pertaining to, relating to or in which the name of Hamp Williams is used or mentioned and/or in which any property of Hamp Williams Trust or Hamp Williams Estate is mentioned in any manner or form" and provided that the request includes documents which "identify or discuss or otherwise relate to any property held by or on behalf of the Hamp Williams Trust or Hamp Williams Estate by Hamp Williams Expropriation Corp. before or after winding up."[1]

Relator filed a motion for protection, objecting to the deposition's location and the scope of the subpoena duces tecum. She protested the deposition's location in California, insisting that she is a Florida resident. As to the subpoena duces tecum, she objected to the request for documents that solely mention "Hamp Williams" or "Hamp Williams Estate," arguing that it exceeded the scope of the Rule 202 order.

At the hearing on relator's motion, the court noted that relator has a home in California and concluded, because relator represented that she stores her documents there, that is where the deposition would take place. The court also concluded that

---

[1] It is asserted that Hamp Williams Expropriation Corp. is a corporation relator and her husband created to investigate and discover assets that may have belonged to Hamp Williams and the existence of a trust.

the subpoena is "limited to issues relating to the Hamp Williams Trust, including but not limited to the creation of such trust, as well as any actions relating to the creation of, existence of, or conduct concerning the trust." The court further noted that the subpoena duces tecum comports with the Rule 202 order because it is limited to documents in which both Hamp Williams and the Hamp Williams Trust are named, or in which Hamp Williams and the Hamp Williams Estate are named, instead of documents that solely reference Hamp Williams. The court denied relator's motion for protection.[2]

On January 18, 2019, relator was deposed. She testified that while she had pursued a theory that a Hamp Williams Trust existed, she had uncovered no evidence of such a trust. Relator produced some documents at the deposition. The parties dispute whether the documents were responsive to the subpoena. Other documents were identified during the deposition, and the parties discussed releasing potential claims and entering into a confidentiality agreement in exchange for the production of the documents.[3]

The parties were unable to agree on the form and content of a confidentiality and release agreement. Five months after the deposition, the real parties in interest

---

[2] Relator filed a petition for writ of mandamus challenging the trial court's ruling on her motion for protection. This Court denied that request for mandamus relief due to the lack of a sufficient record.

[3] Those documents were (1) a judgment in the case of *R.E. Trabue v. Hamp Williams*, which concerned land that may have been part of the Hamp Williams Trust, and (2) a power of attorney related to a 1926 judgment that supposedly returned the land to Hamp Williams.

filed a motion for contempt under Rule 215.2 of the Texas Rules of Civil Procedure, arguing that relator should be compelled to produce documents responsive to the subpoena duces tecum, be found in contempt for not producing the documents earlier, and be sanctioned by awarding the real parties in interest attorney's fees and costs. The real parties in interest asserted that relator admitted to having documents in her possession, agreed to produce them after signing a confidentiality agreement, refused to sign the confidentiality agreement, and failed to produce the documents. In response, relator maintained that the requested documents did not fall within the scope of the subpoena because they did not mention Hamp Williams Trust or Hamp Williams Estate and, thus, she was not obligated to produce them.

A contempt hearing was held on July 1, 2019, and an evidentiary hearing on the issue of monetary sanctions was held on July 11, 2019. On December 12, 2019, the trial court issued the Order. In that Order, the court directed relator to collect and turn over all documents responsive to the subpoena duces tecum within 15 days. The court also sanctioned relator in the amount of $18,566.34, which included the real parties in interest's expenses, costs, and attorney's fees incurred in connection with relator's deposition and the preparation of the contempt motion. The court further ordered that if relator failed to comply with any portion of the Order, a warrant would issue for her arrest, whereupon she would be incarcerated until such

time as she complied with the Order, but for a period not to exceed 180 days, and would be required to pay a fine of $500.

Relator now seeks relief from the Order in the instant petition for writ of mandamus claiming (1) the trial court abused its discretion in granting the Rule 202 petition and ordering her to provide deposition testimony and produce documents because she is a Florida resident not subject to the subpoena power of Texas courts, (2) the real parties in interest lack standing to bring the anticipated suit, (3) the Order improperly requires her to produce documents as part of a Rule 202 proceeding and that are outside of the scope of the subpoena duces tecum, (4) the Order improperly holds her in contempt when she has produced all responsive documents in her possession, (5) the Order improperly orders her to pay the real parties in interest $18,566.34 as contempt sanctions, and (6) the Order improperly orders that an arrest warrant issue if she fails to comply with the Order.

## AVAILABILITY OF MANDAMUS REVIEW

Mandamus is warranted when the relator demonstrates a clear abuse of discretion and there is no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex.

2004) (orig. proceeding)). Because this balance depends heavily on the circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam). "Such a danger arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *Id.*

## DISCUSSION

### I. Personal Jurisdiction

Relator asserts the trial court abused its discretion in entering the Order because it lacked jurisdiction to enter the predicate Rule 202 order, as it respects her, because she is a Florida resident. We note that relator filed an interlocutory appeal of the denial of her special appearance challenging personal jurisdiction, pursuant to section 51.014(a)(7) of the civil practice & remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7). That was the appropriate avenue by which she could challenge the trial court's exercise of jurisdiction over her. She voluntarily chose not to avail herself of that remedy when she moved to dismiss the appeal. Because an interlocutory appeal would have afforded relator an adequate remedy, as it respects her complaint about the trial court's exercise of jurisdiction over her, she is

not entitled to mandamus review of the issue. *See Raymond Overseas Holding, Ltd. v. Curry*, 955 S.W.2d 470, 471 (Tex. App.—Fort Worth 1997, no pet.).

## II.  Standing

Relator next asserts the trial court abused its discretion in entering the Order because the real parties in interest lack standing to bring the Rule 202 proceeding in the first instance.  We note that in a Rule 202 proceeding, the petitioner is to state the subject matter of the anticipated action, if any, and the petitioner's interest therein.  TEX. R. CIV. P. 202.2(e).  In this case, the real parties in interest, as the petitioners, identified the subject matter of the anticipated action to be the Hamp Williams Trust and assert that they will be seeking to remove the trustees and recover trust property, including royalties from the minerals and timber that are escrowed in a Texas bank account.  To establish their interest in the subject matter of the anticipated suit, the real parties in interest assert they are the heirs of Hamp Williams and the beneficiaries of the Hamp Williams Trust.  TEX. PROP. CODE ANN. § 115.011 (trust beneficiary has standing to sue trustee).  We conclude the real parties in interest met their pleading burden and that relator cannot establish any abuse of discretion in entering the Order due to a standing issue.

## III.     Production of Documents

Relator contends the trial court abused its discretion in holding her in contempt for failing to produce documents because Rule 202 does not permit document production.  There is nothing in the language of Rule 202 that prohibits the petitioner from requesting that documents be produced along with the deposition. *See In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, orig. proceeding) (mem. op.).  Rule 202.5 expressly provides that "depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit." *Id.*  Rule 205, which governs discovery of non-parties, permits a party to compel discovery from a non-party by serving a subpoena requesting "production of documents or tangible things . . . served with a notice of deposition on oral examination or written questions." TEX. R. CIV. P. 205.1(c).  Accordingly, the plain language of the rules permits a petition seeking a pre-suit deposition under Rule 202 to request the production of documents as well. *Id.*; *see also In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App.—Tyler 2018, orig. proceeding).  Of course, the requesting party and the trial court should be mindful of the burden requests for production impose on non-parties and carefully balance the burdens of discovery in view of the non-party status.  In this case, we conclude the trial court did not abuse its discretion in basing its

contempt order on a claimed failure to produce documents pursuant to a subpoena duces tecum.

Relator also contends the trial court abused its discretion in finding that she failed to comply with the discovery requests because the court never identified the specific documents she was required to produce. The record establishes that the motion for contempt was spurred by relator's failure to produce documents the parties discussed during her deposition—documents concerning land the real parties in interest claim may be part of the Hamp Williams Trust—more particularly, the *R.E. Trabue v. Hamp Williams* judgment and the power of attorney relating to a 1926 judgment that returned land to Hamp Williams. Relator maintains that the trial court abused its discretion in ordering her to produce those specific documents because they do not fall within the scope of the subpoena because they do not contain the words "trust" or "trust estate." Relator's reading of the subpoena is too narrow. The subpoena also asks for anything "relating to" documents that mention those terms. The trial court could have reasonably concluded that real parties in interest were permitted to compel production of these documents under the Rule 202 order, which provides that the subpoena must be limited to issues "relating to the Hamp Williams Trust, including but not limited to the creation of such Trust, as well as any actions relating to the creation of, existence of, or conduct concerning the Hamp Williams Trust." The *R.E. Trabue v. Hamp Williams* judgment concerned the lands that were

alleged to be a part of the purported Trust and the power of attorney related to a 1926 judgment that supposedly returned the lands to Hamp Williams. Accordingly, the trial court reasonably decided that the judgment and the power of attorney fall within the scope of the subpoena because they relate to the Hamp Williams Trust regardless of whether they contain those words. The trial court did not abuse its discretion in finding that relator should have produced these documents.

Moreover, as to the category of documents relator was to produce, the trial court made it clear during the hearing on relator's motion for protection that she was to produce documents relating to the Hamp Williams Trust, including but not limited to the creation of such trust, as well as any actions relating to the creation of, existence of, or conduct concerning the trust. The court further clarified that relator did not have to produce documents that simply concerned Hamp Williams. Rather she was to produce documents in which both Hamp Williams and the Hamp Williams Trust are named, or in which Hamp Williams and the Hamp Williams Estate are named. Thus, based on the record before us, we conclude the trial court adequately advised relator of her document production obligations and relator's contention the trial court abused its discretion in requiring her to comply with the subpoena duces tecum is unfounded.

## IV. Monetary Sanctions

Relator claims the trial court abused its discretion in ordering her to pay the real parties in interest's attorney's fees, costs, and expenses as a sanction. In their motion for contempt, the real parties in interest requested that the trial court impose Rule 215.2(b) sanctions against relator. The issue presented is whether the trial court abused its discretion in imposing such sanctions in a Rule 202 proceeding.

The real parties in interest rely on *Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370 (Tex. App.—Houston [14th Dist.] 2012, pet. denied), to support their position that the trial court may award reasonable expenses and attorney's fees as part of a contempt order against a non-party Rule 202 deponent. In that case, the trial court issued an order imposing Rule 215.2 sanctions in a Rule 202 proceeding for the deponent's refusal to provide documents and deposition testimony. *Id.* at 374. The sanctions included $20,375 in attorney's fees and $889.44 in other expenses. *Id.* The court of appeals upheld the sanctions order. *Id.* at 372.

But in *Cognata*, the appellant did not challenge whether a non-party Rule 202 deponent is a party for Rule 215.2 purposes. As neither the parties nor the court addressed the issue, we do not consider *Cognata* to be persuasive authority here.

Instead, we resort to the rules of procedure themselves. When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *In re Christus Spohn Hosp. Kleberg,* 222 S.W.3d 434, 437 (Tex. 2007)

–12–

(orig. proceeding). We first look to the plain language of the rule and construe it according to its plain or literal meaning. *See, e.g.*, *In re E.A.,* 287 S.W.3d 1, 5 (Tex. 2009).

Rule 215.2(b) authorizes the court to direct the "disobedient party" to pay reasonable expenses, including attorney's fees, caused by the failure to comply with discovery obligations. TEX. R. CIV. P. 215.2(b). By its plain terms, Rule 215.2(b) applies only to *parties*. *Id.*; *see also Pope v. Davidson*, 849 S.W.2d 916, 920 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (observing that Rule 215.2(b) does not contemplate sanctions against nonparties).

The next subsection, Rule 215.2(c), applies to *nonparties*. *Id.* 215.2(c). That provision does not expressly authorize the court to issue sanctions in the form of reasonable expenses and attorney's fees. *Id.* It allows the court to treat the failure to obey an order of the court as contempt of court. *Id.* Section 21.002(b) of the government code governs punishment for contempt and caps monetary fines at $500 and does not authorize an award of attorney's fees. TEX. GOV'T CODE ANN. § 21.002(b)[4]; *see also In re Daugherty*, No. 05-18-00290-CV, 2018 WL 3031658, at *1, 5 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (mem. op.) ("Absent a

---

[4] Punishment for contempt may also include confinement in the county jail for no more than six months. TEX. GOV'T CODE ANN. § 21.002(b).

contractual or statutory basis, a trial court lacks authority to award attorney's fees based on a finding of contempt.").

The question, therefore, is whether someone being deposed under Rule 202 is a "party" for Rule 215.2(b) purposes. Rule 202.5 provides that depositions under this rule are "governed by the rules applicable to depositions of nonparties in a pending suit." TEX. R. CIV. P. 202.5. Accordingly, a person being deposed under Rule 202 holds nonparty status and is subject to the penalties under Rule 215.2(c) only, since that provision addresses when nonparties do not comply with particular discovery requests. Thus, the trial court was limited to imposing a $500 monetary fine and ordering confinement in the county jail for no more than six months, and its imposition of a fine of $18,566.34, which included costs, expenses, and attorney's fees the real parties in interest incurred in connection with relator's deposition and the motion for contempt, was an abuse of discretion. Because section 21.002(b) of the government code authorizes the district court to impose a punishment of confinement in the county jail for no more than six months, the trial court did not abuse its discretion in ordering a warrant to issue for her arrest if she fails to comply with the portion of the Order that remains in effect after our decision in this original proceeding.

We now consider whether relator has an adequate remedy for this abuse of discretion by appeal. "Decisions in contempt proceedings cannot be reviewed on

appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable." *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied); *see also In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding). Instead, if the contemnor has been confined or released on bond, a contempt order is reviewed by means of an application for writ of habeas corpus. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) (orig. proceeding). If the contemnor has not been confined or taken into custody yet, a petition for writ of mandamus is the appropriate mechanism for review. *Id.*

Here, the trial court awarded attorney's fees, costs, and expenses based on relator's contempt and directed that she be arrested if she failed to comply with the order. Accordingly, that contempt order is not appealable. *In re Daugherty*, 2018 WL 3031658, at *4 (finding that mandamus lies from sanctions order that punishes allegedly contemptuous conduct by ordering payment of attorney's fees). Thus, we conclude relator does not have an adequate remedy by appeal and mandamus is proper.

## CONCLUSION

We conditionally grant relator partial mandamus relief. A writ will issue only in the event the trial court fails to vacate, within fifteen days of the date of this opinion, the order that relator be sanctioned in the amount of $18,577.34. Because

–15–

we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied. We deny relator's petition for writ of mandamus as to the remaining portions of the Order. We lift the stay issued by this Court on December 30, 2019.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191584F.P05