

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00015-CV

_____


IN THE ESTATE OF BILLY WAYNE PHILLIPS, DECEASED


On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. 18697


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The Last Will and Testament of Billy Wayne Phillips devised all of his estate to two of his children, Sheila Juanita Smith and Billie Kimberly Hudson. After Smith was appointed independent executrix of Phillips's estate, she sought to take possession of certain real property occupied by Hudson that was included in Phillips's estate. In this appeal, Hudson challenges the probate court's order granting possession of the property to the Executrix.[1] Because we find that the Executrix had a superior right of possession, we will affirm the probate court's order.[2]

## I. Background

Phillips died on April 17, 2019. On the date of his death, Phillips owned, *inter alia*, an approximately fourteen-acre tract of land in Hunt County[3] (the Property). Phillips's will devised all of his estate, which included the Property, to Smith and Hudson. On August 24, 2021, Phillips's will was admitted to probate in the County Court at Law No. 2 of Hunt County, and Smith was appointed independent executrix of Phillips's estate. Phillips's will gave his independent executrix "full power and authority over any and all of [his] estate" and authorized her "to sell, manage, and dispose of the same or any part thereof . . . and to do any and all things proper or necessary in the orderly handling and management of [his] estate."

---

[1]Hereinafter, we will refer to Sheila Juanita Smith in her individual capacity as "Smith," and we will refer to Sheila Juanita Smith in her capacity as independent executrix of Phillips's estate as "the Executrix."

[2]In her brief on appeal, Hudson also challenges the trial court's order dismissing her petition for intervention that sought partition of the real property pursuant to Chapter 23A of the Texas Property Code. However, as we will explain, we do not have jurisdiction to consider that challenge.

[3]The Property is listed in the Inventory, Appraisement, and List of Claims, which was approved by the probate court on November 1, 2021.

At the time of Phillips's death, Smith and Hudson owned mobile homes that were located on the Property. Although Smith no longer resided on the Property, Hudson continued to reside in her mobile home on the Property after Phillips's death. The Executrix sought to sell the Property under the power of sale granted in Phillips's will, but Hudson refused to vacate the Property or to move her mobile home. As a result, the Executrix filed an application for turnover in which she sought an order from the probate court that Hudson turn over possession of the Property by the removal of Hudson and her mobile home.

Hudson filed an objection to the application and asserted that she was a tenant in common occupying the Property and that the proper procedure was a partition suit pursuant to Chapter 23A of the Texas Property Code. On the day before the application was to be heard, Hudson also filed a petition in intervention in which he sought to partition the Property pursuant to Chapter 23A of the Texas Property Code[4] and Section 360.001, et seq., of the Texas Estates Code[5] (the Partition Suit). On February 16, 2022, the probate court entered its Order Approving Application for Turnover (the Order) and ordered Hudson to turn over possession of the Property to the Executrix by removing her mobile home from the Property on or before April 6, 2022. On February 25, 2022, Hudson filed her notice of appeal of the Order.

On March 2, 2022, the Executrix filed a Rule 91a motion to dismiss the Partition Suit brought under Chapter 23A of the Texas Property Code. On April 14, 2022, the probate court

---

[4]TEX. PROP. CODE ANN. §§ 23A.001–.013 (Supp.).

[5]TEX. ESTATES CODE ANN. §§ 360.001–.301.

entered its order dismissing the Partition Suit brought under Chapter 23A of the Texas Property Code. Hudson did not file a notice of appeal from the dismissal order.

On April 6, 2022, the Executrix filed a motion for contempt and alleged that Hudson was in contempt of the Order because she had failed to vacate and turn over possession of the Property to the Executrix. On April 27, 2022, the probate court entered a contempt judgment and found Hudson in contempt of court. In the judgment, the probate court ordered Hudson to remove her mobile home and all personal property from the Property within thirty days and ordered that, if she failed to do so, she would be fined $100.00 per day until she turned over the Property or was forcibly removed by the sheriff of Hunt County. Hudson did not file a notice of appeal, or any original proceeding, challenging the contempt judgment.

## II. The Probate Court Did Not Abuse Its Discretion When It Ordered Turnover of Possession to the Executrix

### A. Standard of Review

In her first issue, Hudson asserts that the probate court abused its discretion in granting possession of the property to the Executrix. A probate court's order is reviewed under an abuse-of-discretion standard. *Estate of Nielsen*, 533 S.W.3d 39, 40 (Tex. App.—Texarkana 2017, no pet.). "A trial court abuses its discretion if it acts without reference to any guiding rules and principles or reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "When reviewing factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court." *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). "However, when reviewing the trial

court's determination of the law, our review is much less deferential, since a trial court has no discretion in determining what the law is or in applying the law to the facts." *Id.* (citing *Walker*, 827 S.W.2d at 840). "A trial court abuses its discretion when it erroneously interprets the law or misapplies the law." *Id.* (citing *Walker*, 827 S.W.2d at 840; *Morales v. Segura*, No. 04-15-00365-CV, 2015 WL 8985802, at *2 (Tex. App.—San Antonio Dec. 16, 2015, no pet.) (mem. op.)).

### B. Analysis

#### 1. The Probate Court Entered the Order Under the Texas Estates Code

Hudson initially argues that the trial court erred in applying Section 31.002 of the Texas Civil Practice and Remedies Code when it ordered Smith to turn over possession of the Property to the Executrix. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002. Hudson argues that Section 31.002 may only be used by judgment creditors to obtain the turnover of property owned by judgment debtors, citing Section 31.002(a) of the Texas Civil Practice and Remedies Code, *Beaumont Bank*, *NA. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991), and *Van Dyke v. Littlemill Limited, Prosperity Settlement Funding, Inc.*, 579 S.W.3d 639, 651 (Tex. App.—Houston [14th Dist.] 2019, no pet.). She reasons that, since the Executrix was not a judgment creditor and Smith was not a judgment debtor, the trial court abused its discretion in ordering turnover of the property.

However, as the Executrix points out, the Executrix did not seek possession of the Property under Section 31.002. Rather, the Executrix argues that the Property was included in the Phillips estate as it existed at the time of Phillips's death, that the Executrix had the right to

5

possess the Property under Section 101.003 of the Texas Estates Code, and that she could recover possession of the Property under Section 351.054 of the Texas Estates Code. *See* TEX. ESTATES CODE ANN. § 101.003 ("On the issuance of letters testamentary . . . on an estate described by Section 101.001, the executor . . . has the right to possession of the estate as the estate existed at the death of the testator . . . ."); TEX. EST. CODE ANN. § 351.054(a)(2) ("An executor or administrator appointed in this state may commence a suit for: . . . title to or possession of land."). We agree.

"[W]e look to the substance of a motion to determine the relief sought, not merely to its title." *In re Estate of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, orig. proceeding) (quoting *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999)); *see State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." (citing TEX. R. CIV. P. 71)). In addition, we "must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment." *Id.* (quoting *Guar. Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986)).

Section 101.003 of the Texas Estates Code provides that, "[o]n the issuance of letters testamentary or of administration on an estate described by Section 101.001, the executor or administrator has the right to possession of the estate as the estate existed at the death of the testator or intestate" and that "[t]he executor or administrator shall recover possession of the estate and hold the estate in trust to be disposed of in accordance with the law." TEX. EST. CODE ANN. § 101.003. Texas courts have interpreted the substantively identical provision of Section

6

37 of the now-repealed Texas Probate Code[6] as giving the executor or administrator both the right to possession of the property of the estate as it existed at the death of the testator or intestate and the duty to recover the property of the estate. *See Hutchins*, 391 S.W.3d at 589; *Bloom v. Bear*, 706 S.W.2d 146, 147–48 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); *Atl. Ins. Co. v. Fulfs*, 417 S.W.2d 302, 305 (Tex. App.—Fort Worth 1967, writ ref'd n.r.e.).

Although the title of the Executrix's pleading was "Application for Turnover," the substance of the application shows that the Executrix sought the turnover of the Property in connection with the pending administration of the Phillips estate. The application stated that she had previously filed an inventory and list of claims of the estate, which listed the Property, and that the probate court had approved the inventory.[7] The application also showed that the Executrix sought possession of the Property so that she could proceed with the marketing and sale of the Property so she could pay any outstanding debts and costs of administration of the estate. For those reasons, we conclude that the application was a request for relief under Sections 101.003 and 351.054 of the Texas Estates Code, not a request for turnover under Section 31.002 of the Texas Civil Practice and Remedies Code. *See Hutchins*, 391 S.W.3d at 585 (construing a similar motion as a request for relief under the predecessor section of the now-repealed Texas Probate Code).

In addition, in the Order, the probate court did not refer to Section 31.002. Rather, the Order stated that the probate court had considered the application, granted it, and ordered

[6]*See* Act of June 1, 1981, 67th Leg., R.S., ch. 674, § 3, 1981 Tex. Gen. Laws 2536, 2537, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10(a), 2009 Tex. Gen. Laws 1512, 1732.

[7]Hudson does not contest those allegations, and the record confirms their accuracy. *See supra* note 3.

Hudson to turn over possession of the Property to the Executrix. Since courts consider the substance of the relief sought regardless of the pleading's title, *Ryland Enterprise, Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011), we conclude that the probate court granted possession of the Property to the Executrix pursuant to Sections 101.003 and 351.054 of the Texas Estates Code. Consequently, we find Hudson's complaint that the trial court abused its discretion by granting a turnover order pursuant to Section 31.002 of the Texas Civil Practice and Remedies Code is without merit.

### 2. The Executrix Had a Superior Right to Possession of the Property

Hudson also argues that the probate court abused its discretion because, as a devisee of Phillips, she became a cotenant of the Property immediately upon Phillips's death. *See* TEX. EST. CODE ANN. § 101.001(a)(1) ("if a person dies leaving a lawful will . . . all of the person's estate that is devised by the will vests immediately in the devisee"). Hudson argues that, as a cotenant living on the Property, she had an equal right to use, possess, and enjoy the Property and that the probate court abused its discretion when it ordered her to turn over possession of the Property to the Executrix.[8]

---

[8]While the cases relied upon by Hudson support the proposition that, upon the death of a testator, his property vests in his devisees or the proposition that a cotenant has an equal right of use and enjoyment of the property, none of those cases involved an executrix attempting to gain possession of estate property under the authority granted her under the Texas Estates Code or the former Texas Probate Code. *See Cox v. Davison*, 397 S.W.2d 200, 201 (Tex. l965); *Ferguson v. Ferguson*, 111 S.W.3d 589, 595–96 (Tex. App.—Fort Worth 2003, pet. denied); *Welder v. Hitchcock*, 617 S.W.2d 294, 297 (Tex. App.—Corpus Christi 1981, writ ref'd. n.r.e.); *Burnham v. Hardy Oil Co.*, 147 S.W. 330, 334–35 (Tex. App.—San Antonio 1912), *aff'd on other grounds*, 195 S.W. 1139 (Tex. 1917)); *Gillum v. St. Louis, A & T. Ry. Co.*, 23 S.W. 717, 718 (Tex. Ct. App. 1893). Only one of these cases involved an action by an executor, and it is inapposite to the issue of whether, during the administration of an estate, an executor's right to possession of estate property is superior to that of a devisee of the property. In *Ferguson*, Norma Ferguson was devised the marital home upon the death of her husband, L.J. Ferguson. Norma occupied the home during all her marriage to L.J. and continued to occupy the home after his death. *Ferguson*, 111 S.W.3d at 591. After Norma entered into an agreed judgment with the executor of L.J.'s estate regarding some claims she had made

Although Hudson is correct that a devisee under a will holds a vested interest in property on the testator's death, nevertheless, such interest is subject to the administration of the estate, including the executor's right of possession and control of the property. *See* TEX. EST. CODE ANN. §§ 101.001(a)(1), 101.003; *Meekins v. Wisnoski*, 404 S.W.3d 690, 698 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Hutchins*, 391 S.W.3d at 589–89; *Fulfs*, 417 S.W.2d at 304–05; *Bloom*, 706 S.W.2d at 147–48. "The [executor or] administrator of the estate holds legal title and a superior right to possess estate property." *Meekins*, 404 S.W.3d 698 (citing *Woodward v. Jaster*, 933 S.W.2d 777, 781 (Tex. App.—Austin 1996, no writ)); *see also* TEX. EST. CODE ANN. §§ 101.003, 351.054(a)(2); *Hutchins*, 391 S.W.3d at 589; *Fulfs*, 417 S.W.2d at 304–05; *Bloom*, 706 S.W.2d at 147–48. Further, even if a devisee possessed part of the estate before the will was probated, "her possession [i]s subject to the executor's right of possession and [the executor's] right under such circumstances [i]s enforceable by court order." *Fulfs*, 417 S.W.2d at 305; *see also* TEX. EST. CODE ANN. § 351.054(a)(2), (b); *Hutchins*, 391 S.W.3d at 589; *Bloom*, 706 S.W.2d at 147–48.

In this case, Hudson, as one of the devisees under Phillips's will, obtained a vested interest in the Property on Phillips's death and occupied the Property after his death. However, after Phillips's will was probated, this interest and occupancy was subject to the Executrix's

against the estate, the executor filed a declaratory judgment action and asserted that, under the terms of the agreed judgment, Norma lost her right to ownership and occupancy of the marital home. *Id.* at 592. The trial court agreed, entered a declaratory judgment that the executor was entitled to recover title and possession of the home, and ordered Norma to vacate it. *Id.* at 593. On appeal, the court of appeals found that the language of the agreed judgment in which Norma released all claims against the estate did not divest Norma of ownership of the marital home since the home vested in her upon the death of L.J. under Section 37 of the now-repealed Texas Probate Code (now Section 101.001(a)(1) of the Texas Estates Code), and as a result, her ownership of the property was not a claim against the estate. *Id.* at 595–96.

superior right of possession and control of the Property. When the Executrix exercised her right to possession of the Property under Sections 101.003 and 351.054(a)(2) of the Texas Estates Code, the probate court properly enforced that right pursuant to Section 351.054(b) when it ordered Hudson to turn over possession of the Property to the Executrix. TEX. EST. CODE ANN. § 351.054(a)(2), (b).

For these reasons, we find that the probate court did not abuse its discretion when it ordered Hudson to turn over possession of the Property to the Executrix. We overrule Hudson's first issue.[9]

## III. We Lack Jurisdiction to Consider Hudson's Remaining Issue

In her second issue, Hudson contends that the trial court erred when it dismissed her partition suit pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a (authorizing dismissal of a cause of action that has no basis in law or fact). Generally, we have "jurisdiction only over appeals from final judgments or certain specified interlocutory orders." *Schoolcraft v. Dep't of Family & Protective Servs.*, No. 06-05-00076-CV, 2005 WL 3487849, at *1 (Tex. App.—Texarkana Dec. 22, 2005, no pet.) (mem. op.) (citing TEX. CIV.

---

[9]In her third issue, Hudson seeks a stay from the contempt judgment and argues that, since the Order was improper, so also was the contempt judgment. Since we have found that the probate court did not abuse its discretion when it entered the Order, we need not address this issue. We also note that "[c]ourts of appeal generally do not have jurisdiction to review contempt orders by way of direct appeal." *Johnson v. Clark*, No. 07-11-00122-CV, 2011 WL 5118775, at *1 (Tex. App.—Amarillo Oct. 28, 2011, no pet.) (mem. op.) (citing *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *In re A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.); *Metzger v. Sebek*, 892 S.W.2d 20, 54 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). "This is true even when the contempt order is appealed along with an appealable judgment." *Id.* (citing *In re Gonzalez*, 993 S.W.2d 147, 157 (Tex. App.—San Antonio 1999, no pet.); *Metzger*, 892 S.W.2d at 54). When a contempt order does not involve confinement, as here, "the only possible relief is a writ of mandamus." *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) (citing *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995)).

PRAC. & REM. CODE ANN. § 51.014 (Supp.);[10] *Onstad v. Wright*, 54 S.W.3d 799, 803 (Tex. App.—Texarkana 2001, pet. denied). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), *superseded by statute on other grounds*). An appeal from a probate court order may be taken if it "dispose[s] of all parties or issues in a particular phase of the proceedings" or if "there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable." *Id.* at 578–79 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

As stated earlier, Hudson filed the Partition Suit pursuant to both Chapter 23A of the Texas Property Code and Section 360.001, et seq., of the Texas Estates Code. The Rule 91a motion to dismiss sought dismissal of only the portion of the Partition Suit asserted under Chapter 23A, and the order of dismissal only dismissed Hudson's partition suit "under Texas Property Code [Chapter] 23A." As a result, the order of dismissal did not dispose of that portion of the Partition Suit brought under Section 360.001, et seq., of the Texas Estates Code. Consequently, the dismissal order did not dispose of all parties or issues in this phase of the proceedings, and there has not been a final judgment entered in the Partition Suit. For that

---

[10]An interlocutory order granting a Rule 91a motion to dismiss is not included among the appealable orders listed in Section 51.014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). Although not applicable to this case, Section 51.014 also "permit[s] an appeal from an order that is not otherwise appealable" if certain conditions are met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f); TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3.

11

reason, we find that the interlocutory dismissal order is not a final, appealable order. As a result, we do not have jurisdiction to consider issues related to the dismissal order.

Even if the Rule 91a dismissal order was an appealable interlocutory order, we would not have jurisdiction to consider it. To invoke our jurisdiction over an appeal from a judgment or order, a party must file a timely notice of appeal that states the date of the judgment or order that is being appealed. TEX. R. APP. P. 25.1(b), (c), 26.1. Since there may be multiple orders entered by the probate court on separate discrete issues, a notice of appeal must be filed for each separate order. *See Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 492–93 (Tex. App.—Austin 2007, pet. denied) (court would not consider notice of appeal specifying the appeal of one order to include the appeal of a separate appealable order later entered by the trial court); *Thomas v. Thomas*, No. 14-02-01286-CV, 2003 WL 1088220, at *2 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op.) (per curiam) (same); *Oak Creek Homes, L.P. v. Moore*, No. 11-15-00291-CV, 2016 WL 6998949, at *2 (Tex. App.—Eastland Nov. 30, 2016, no pet.) (mem. op.) (same).

In this case, Hudson filed a notice of appeal on February 25, 2022, and stated that she was appealing "from the [probate] Court's Order Approving Application for Turnover." On March 2, 2022, the Executrix filed her Rule 91a motion to dismiss the Partition Suit, which the probate court granted on April 14, 2022. Consequently, if the Rule 91a dismissal order was an appealable order, it was a separate order on a discrete issue that was not designated in Hudson's February 25 notice of appeal. Further, Hudson did not timely file a notice of appeal challenging

12

the dismissal order.  As a result, our jurisdiction to consider issues related to the dismissal order has not been invoked.  *See* TEX. R. APP. P. 25.1(b), (c), 26.1.

## IV.     Disposition

For the reason stated, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     July 7, 2022
Date Decided:        July 26, 2022